588 A.2d 965

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Edgar C. HARMON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 1991.

Filed April 5, 1991.

Wilbert H. Beachy, III, Public Defender, Somerset, for appellant.

Carolann A. Young, Asst. Dist. Atty., Somerset, for Com., appellee.

Before TAMILIA, POPOVICH and JOHNSON, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Somerset County after appellant was convicted of violating § 3702(a) of the Vehicle

Code, Limitations on Backing. Finding the evidence insufficient to sustain the verdict, we reverse appellant's conviction and vacate the judgment of sentence.

The record reveals that appellant is a commercial truck driver, and on January 15, 1990, at approximately 7:45 p.m., he was returning from a delivery to his home located on the east side of Legislative Route 985 near the Village of Sipesville in Somerset County. Appellant's driveway leads from Rt. 985 to a large garage inside of which appellant ordinarily parked his truck.

When heading home, appellant was travelling south on Rt. 985. When he reached his home, he honked his horn and his wife turned on the lights and opened the garage door. Appellant then honked his horn and checked for traffic in both directions. Appellant's home is situated such that he could see approximately seven tenths of a mile to the north and three tenths of a mile to the south. Seeing no cars nor on-coming headlights, appellant began to back his tractor-trailer into the garage. At that time, the tractor-trailer's headlights, four way flashers and side-lights were illuminated. The truck was also equipped with side-mounted reflectors.

During the evening of January 15, 1990, the weather was clear and the road was dry. When appellant had backed his truck to a point where the trailer was approximately halfway off the road, he saw the lights of three cars approaching from the south. The trailer was then blocking the entire north bound lane. The lead car, operated by Margaret Brittlebrun, slammed into appellant's trailer at a speed of fifty to fifty-five miles per hour. There were no signs that Mrs. Brittlebrun even saw the trailer, i.e., no skid marks, no braking and no evasive actions taken. Mrs. Brittlebrun's operator's license indicated that she was required to wear corrective eyeglasses when driving; however, evidence did not reveal whether she had her glasses on at the time of the crash. Tragically, Mrs. Brittlebrun died as a result of the accident.

Mrs. Elsie Rhoads was driving the vehicle immediately behind Mrs. Brittlebrun and fortunately was able to pull off the road and avoid the trailer. Mrs. Rhoads testified that she saw the tractor in the south bound lane, but did not see the trailer across the north bound lane until Mrs. Brittlebrun's car actually struck the trailer. Mrs. Rhoads also testified that she did not see the side-lights on the trailer. However, she also testified that her vision was partially obscured by a coating of road grime on her windshield. There is no evidence of record concerning the third vehicle.

As a result of Mrs. Brittlebrun's death, a coroner's inquest was held. The coroner's jury concluded that appellant was not criminally reckless or negligent, and, thus, no vehicular homicide or other misdemeanor charges were filed. However, a summary citation for limitations on backing, 75 Pa.C.S.A. § 3702(a), was filed by Trooper William Drenner against appellant because of the accident.

Following a trial before the district justice, appellant was found guilty. He filed an appeal to the Court of Common Pleas, and his trial *de novo* was held. At the trial, the Commonwealth and defense stipulated that the transcript of the coroner's inquest would be submitted to the court in lieu of live testimony. Also, John Friedline, a volunteer fireman who responded to the accident, testified that when he approached the accident scene, he could clearly see the tractor-trailer's headlights, four-way flashers and *side-lights* from a distance of at least three tenths of a mile. On April 24, 1989, the trial court found appellant guilty of violating § 3702(a) of the Vehicle Code, stating, "Defendant's actions in backing this tractor trailer in such a manner as to block both lanes of traffic on the highway resulted in a clear violation of Section 3702 in that it was not done with safety, it was not done without interfering with the other traffic, and it was done without yielding the right-of-way to those entitled to exercise it, being the persons travelling on Route 985, the through highway." Tr.Ct.Op., 4/24/90, p. 8.

Thereafter, a motion in arrest of judgment was filed by appellant. On September 21, 1989, the lower court *en banc*

denied the motion on the ground that § 3702 of the Vehicle Code requires application of a strict liability standard, rather than a *mens rea* or culpability standard of recklessness or criminal negligence as suggested by appellant. See Tr.Ct.Op., 9/21/90. This appeal followed.

The statute in question, 75 Pa.C.S.A. § 3702(a), Limitations on backing, reads: "**(a) General rule.**—No driver shall back a vehicle unless the movement can be made with safety and without interfering with other traffic and then only after yielding the right-of-way to moving traffic and pedestrians." Instantly, we do not agree with the lower court's conclusion that appellant violated § 3702(a). Appellant clearly took precautions to insure that backing into his driveway could be performed with safety and without interfering with other traffic. Appellant's truck was equipped with numerous safety lights and reflectors (more than required by state law) which were clearly visible at a distance of at least three tenths of a mile. When appellant began his backing motion, no cars were visible for at least three-tenths of a mile to the south and seven-tenths of a mile to the north.

The fact that Mrs. Brittlebrun was killed when she inexplicably collided with appellant's trailer *alone* is not sufficient evidence upon which to convict appellant. This is not a case where the backing movement was made on a blind curve or made during inclement weather. Appellant performed this backing movement in a manner designed to insure safety for other motorists and pedestrians. Appellant had performed this very same maneuver regularly without incident during the past several years. However, for some unexplained reason, Mrs. Brittlebrun was either unable to or failed to observe the trailer across the road. Thus, despite appellant's effort to make the backing movement with safety and without interfering with other traffic, this tragedy occurred. In reviewing the record, we are at a loss to perceive what more appellant could have done.

Having reviewed the record, we find that appellant complied with the provisions of § 3702(a), and, therefore, his

conviction can not stand. Accordingly, we reverse the court below and vacate the judgment of sentence entered against appellant.

Judgment of sentence vacated.