ABEX CORPORATION and National
Union Fire Insurance Co.,
Petitioners,

v.

WORKMEN'S COMPENSATION
APPEAL BOARD (SCEARS),
Respondent.

Commonwealth Court of Pennsylvania.

Argued June 8, 1994.

Decided Sept. 5, 1995.

Reargument Denied Nov. 2, 1995.

John K. Bryan, for petitioners.

Dale J. Gregg, for respondent.

Before CRAIG, P.J., and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

DOYLE,[1] Judge.

Before the Court is the appeal of Abex Corporation (Employer) from an order of Workmen's Compensation Appeal Board, which affirmed a referee's decision finding that Employer, without adequate excuse, untimely filed an answer to the Claimant's, Frank L. Scears, claim petition.

The referee made the following findings of fact. On August 26, 1985, Claimant filed a claim petition with the Department of Labor and Industry, Bureau of Workers' Compensation, alleging that he had sustained a work-related injury to his right elbow on April 25, 1984, while working for Employer. A copy of this claim petition was not mailed by Claimant to Employer. When the referee's[2] first notice of hearing was sent by the Bureau on August 29, 1985, Employer's counsel, James M. Burton, Esquire, was not named specifically as the addressee, and he did not receive a copy until September 28, 1985. The claim petition was not answered until October 2, 1985.

---

1. This appeal was assigned to the author of this opinion on December 6, 1994.

2. Prior to August 31, 1993, workers' compensation judges were referred to as referees. Because this case was before the referee prior to that date, the designation referee will be used.

Although the issue was not raised by Claimant at the initial hearings, Claimant filed a subsequent motion with the referee, requesting that he decide the case based solely upon claimant's claim petition, since Employer's answer was filed beyond the fifteen days allowed under Section 416 of the Act,[3] citing for authority this Court's decision in *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board*, 56 Pa.Commonwealth Ct. 1, 423 A.2d 1125 (1981).

Employer presented evidence which, it contended, demonstrated that it had an adequate excuse for failing to file a timely answer to Claimant's petition inasmuch as Claimant had failed to serve a "courtesy copy" of the claim petition on Employer's counsel, and the Bureau had mailed the referee's notice to the wrong address.

Employer presented the testimony of Barbara Zink, an adjuster for Crawford & Company which was the agency representing the National Union Fire Insurance Company, the insurer on the workers compensation risk for Employer. She testified that according to her files, the notice and claim petition were sent to Employer's Meadowlands, Pennsylvania plant and to Employer's insurance carrier, the National Union Fire Insurance Company. However, at the time the claim petition and notice were mailed, Employer's Meadowlands plant had been closed for a year. Further, the notice which was addressed to the insurance company designated an incorrect address for the National Union Fire Insurance Company, in Pittsburgh, Pennsylvania. The National Union office, that was noted on the petition and notice, may have been closed at this time. Either that office or the United States Postal Service forwarded the paperwork to National Union's headquarters in Lancaster, Pennsylvania. The National Union office in Lancaster then forwarded the documents of Crawford & Company in Pittsburgh, who in turn, mailed the notices to Mr. Burton, Employer's counsel. The referee found that Mr. Burton did not receive notice of the claim petition before September 28, 1985, who then immediately filed an answer to the claim petition on October 2, 1985.

After several remand orders, the referee ultimately found that Employer failed to provide an adequate excuse for the delay because it was unable to prove that there was an error on the part of the U.S. Postal Service, and granted benefits to Claimant. The Board affirmed, and this appeal followed.

Employer argues the Board erred (1) in finding that Employer failed to adduce sufficient evidence proving that it had an adequate excuse for filing a late answer; and (2) in failing to properly define Employer's burden of proving the existence of an adequate excuse. In the alternative, Employer argues that the *Yellow Freight* doctrine is unconstitutional.

Addressing Employer's first argument, that it did not receive the notice of the claim petition through any fault on its part, and therefore, it presented an adequate excuse for its delay in filing its answer. Section 416 of the Act provides:

> Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.
>
> Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him.... If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing **without adequate excuse**, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

77 P.S. § 821 (emphasis added). In *Yellow Freight*, we held that an employer's failure to file an answer within fifteen days constituted an admission of the allegations in the petition, and that the right to file any answer at all was lost, absent an adequate excuse.

■ We find that Employer had an adequate excuse for failing to file a timely answer to the claim petition because Claimant

---

**3.** Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 821.

failed to properly serve Employer with a copy of this petition.

The pertinent notice and service requirements of the General Rules of Administrative Practice and Procedure,[4] which are applicable to this case, are contained in Title 1, Chapter 33 of the Pennsylvania Code, entitled "Service of Documents":[5]

### § 33.32 Service *by a participant.*

Pleadings, submittals, briefs and other documents, filed in proceedings pending before an agency, when filed or tendered to the agency for filing, shall be served upon all participants in the proceeding. The service shall be made by delivering in person or by mailing, properly addressed with postage prepaid, the requisite number of copies to each participant as provided in § 33.37 (relating to number of copies). (Emphasis added.)

. . . .

### § 33.35 Proof of service.

There shall accompany and be attached to the original of each pleading, submittal or other document filed with an agency when service is required to be made by the parties, *a certificate of service* in the form prescribed by § 33.36 (relating to form of certificate of service). All other copies filed shall be fully conformed thereto. (Emphasis added.)

### § 33.36 Form of certificate of service.

I hereby certify that I have this day served the foregoing document upon all parties of record in this proceeding in accordance with the requirements of § 33.32 (relating to service by a participant).

. . . .

Referee Diaz in the second referee's decision dated December 5, 1990, made the following specific findings:

3. From April 25, 1984 until September 25, 1985, both sides, through their respective attorneys, had engaged in ongoing discussions and communications aimed at reaching an amicable resolution of this matter. **However, counsel for claimant never provided employer's counsel with a *courtesy* copy of the Claim Petition, filing it without notice or discussion.** (Emphasis added.)

4. The Referee's first notice of hearing was dated August 29, 1985. However, defendant's counsel, James M. Burton, was not named on the Notice and said notice was not received by Mr. Burton's office until September 28, 1985.

5. Immediately upon receipt of the Claim Petition and notice of hearing on September 28, 1985, an Answer was prepared and filed on or before October 2, 1985 on behalf of the employer, Abex Corporation.

. . . .

15. This Referee finds as fact that prior to September 28, 1985, defendant, Abex Corporation, through its counsel, was not aware that a Claim Petition had been filed and, therefore, had no duty to file a responsive pleading and/or Answer before being notified.

16. This Referee finds as fact that the delay in notification was due in no part to the conduct of the defendant and that the entire mix-up and delay could have been avoided if claimant's counsel had sent Mr. Burton a *courtesy* copy of the Claim Petition in August of 1985. (Emphasis added.)

The findings of Referee Diaz are only inaccurate in that he modifies "Claim Petition" with the adjective "courtesy copy." However, Claimant, through his counsel, was, in fact, **obligated** to send both the Employer (or Employer's counsel) and National Union Fire Insurance Company copies of the Claim Petition, and failed to do so. 1 Pa.Code § 33.32.

Contrary to the explicit requirement of Section 33.32 of the Rules of Administrative Procedure, counsel for Claimant *never* served the Employer, the Employer's insur-

---

4. These rules no longer apply to workers' compensation proceedings. 34 Pa.Code § 131.4. In March 1991 the regulations pertaining to worker's compensation practice were superseded and replaced in their entirety. 21 Pa.B. 1401 (1991).

The present requirements, however, are virtually the same and now found at 34 Pa.Code § 131.31–35.

5. 1 Pa.Code §§ 33.31–33.37.

ance carrier, or counsel for the Employer, with a copy of the Claim Petition, or even with notice that a claim petition had been filed, even though he knew, of course, where to reach those persons and entities.[6]

██ Furthermore, it is abundantly clear that what notices the **Bureau** sent were sent to an improper address.

Section 33.31 of 1 Pa.Code [7] provides:

### § 33.31  Service by the *agency*.

Orders, notices and other documents originating with an agency, including forms of agency action, complaints and similar process and other documents designated by the agency for this purpose, shall be served by the office of the agency by mail, except when service by another method shall be specifically required by the agency, by mailing a copy thereof to the person to be served, *addressed to the person designated in the initial pleading or submittal at his principal office or place of business*. If service is not accomplished by mail, it may be effected by anyone authorized by the agency in the manner provided in 231 Pa.Code Rules 400–441 (relating to service of original process). (Emphasis added.)

First, contrary to the explicit requirements of these notice and service requirements, the Claimant:

1. Never provided the Employer's address anywhere in the body of the Claim Petition; the Employer was identified by name only;

2. Never identified the insurance carrier for the Employer, let alone supply an address anywhere in the Claim Petition;

3. In the caption of the petition, gave the Employer's address only as "Meadowlands Pa. 15347" which is:

  (a) not a complete address, and

  (b) not the address which was contained in the existing records of the Bureau of Workers' Compensation in Harrisburg prior to the claim petition being filed on July 26, 1985.

That address was:

Abex Corporation
P.O. Box 308
Meadow Lands, Pa. 15347

*See, e.g.,* Claimant's Remand Exhibits 2, 3; Employer's Remand Exhibit "C".

The records of the Bureau further reveal that on the form designated "Employer's Report of Occupational Injury," filed on May 15, 1984 with the Bureau, which was sent to the Bureau *before* the claim petition was filed, Employer stated that it was represented by National Union Fire Insurance Co. "c/o Crawford & Company, 100 Fleet St., Pittsburgh, Pa. 15220," and, on the "Notice of Workers' Compensation Denial" form, Crawford & Company is again identified as the *representative* of Abex Corporation and the claims adjuster's correct name and telephone number in Pittsburgh are clearly stated.

Therefore, since neither the Employer, nor its insurance carrier, were ever properly served by the Claimant, there was understandably a delay in filing the Employer's answer to the petition (which was even at that only 22 days late) and the Employer most certainly had an "adequate excuse" for the late filing of its Answer under Section 416 of the Act, 77 P.S. § 821.

Accordingly, the order of the Board is reversed, and the matter is remanded for a hearing and adjudication on the merits of the claim.

### ORDER

**NOW**, September 5, 1995, the order of the Workmen's Compensation Appeal Board in

---

6. Paragraph 14 of the Claim Petition filed on behalf of the Claimant by Claimant's counsel states:

  14. Since July 28, 1984 to the present, claimant and claimant's counsel have had extensive conversations and discussions with defendant's employer and defendant's counsel concerning information needed to evaluate his claim. The defendant has been unable to obtain records from the local plant and has refused to tender any workmen's compensation payments to claimant despite repeated requests. The conduct on the part of the claimant amounts to an unreasonable denial of compensation benefits and claimant is therefore requesting that costs and attorneys' fees be assessed against the defendant pursuant to Section 404 [sic] of the Workmen's Compensation Act.

7. *See supra* note 4.

the above-captioned matter is hereby reversed and remanded for an adjudication on the merits of the claim petition; Abex Corporation and its insurance carrier to be permitted to file an answer and litigate the claim in full.

Jurisdiction relinquished.

CRAIG, Former President Judge, did not participate in the final outcome of this decision.

FRIEDMAN, J., dissents.