**Lorraine GHEE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNIVERSITY OF PENNSYLVANIA), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 7, 1997.

Decided Dec. 31, 1997.

Kathy Kennedy, Philadelphia, for petitioner.

Katherine M. Mezzanotte, Philadelphia, for respondent.

Before COLINS, President Judge, and DOYLE, SMITH, FRIEDMAN, KELLEY, FLAHERTY and LEADBETTER, JJ.

FLAHERTY, Judge.

Lorraine Ghee (Claimant) petitions for review of the May 13, 1996, order of the Workers' Compensation Appeal Board (Board)[1] which affirmed a decision of a workers' compensation judge (WCJ) who determined that, because Claimant failed to properly serve a copy of her claim petition on the University of Pennsylvania Hospital (Employer), Employer's late answer was valid, and Claimant was entitled to benefits only for a closed period. We affirm on other grounds.

Claimant was employed as a pharmacy technician for Employer. On February 18, 1993, Claimant filed a claim petition (petition) with the Department of Labor and Industry, Bureau of Workers' Compensation (Bureau), averring that on February 5, 1993, she sustained work-related head, leg and right shoulder injuries. The petition included the name and address of Employer and indicated that the insurance carrier was unknown. Claimant failed to serve a copy of the petition on Employer as required by 34 Pa.Code § 131.32(c).[2] The Bureau served Employer by mailing a copy of the petition and notice of assignment on March 5, 1993.[3] Employer, however, failed to file its answer to the petition until May 24, 1993, a period of eighty (80) days after the petition was served on it by the Bureau.

At the hearings before the WCJ, Claimant testified on her own behalf and presented the deposition testimony of her medical expert, Dr. Karpin. Employer presented testimony from its employees, which was offered to explain the reasons for the late filing of Employer's answer by describing Employer's internal mail delivery system, mailroom activities and the handling of worker's compensation claims. Employer also presented the deposition testimony of its medical expert, Stanley Askin, M.D., who examined Claimant on January 6, 1994, and found her to be in good health.

After reviewing the evidence the WCJ, rejecting the testimony of Employer's lay witnesses surrounding the reason for Employer's late answer, determined that Employer did not have an adequate excuse for its late answer. In his decision, however, the WCJ concluded that:

2. Claimant failed to comply with Rule 131.32(c) of the Worker's Compensation Code as it concerns service of a Petition, making Defendant's late Answer valid since Defendant was not properly served.

1. Pursuant to the 1996 amendments to Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 27, the name of the Workmen's Compensation Appeal Board was changed to the Workers' Compensation Appeal Board effective August 23, 1996. *See* Act 57, Act of June 24, 1996, P.L. 801.

2. 34 Pa.Code § 131.32(c) states:
(c) At the time of filing a petition, the moving party shall serve a copy of the petition on all other parties, including the insurance carrier, if the insurance carrier is known.

3. 34 Pa.Code § 131.32(b) states:
(b) An original and four copies of a petition shall be filed with the principal office of the Bureau. The Bureau will serve a copy of the petition on all parties.
Nothing in the record provides information as to the date on which Employer received the copy of the petition from the Bureau.
We note that Employer is self-insured. There is no information in the Reproduced Record concerning whether or not the Bureau ever served ARCAP, Employer's claims administrator, with a copy of the Petition.

(WCJ's decision at p. 5.) The WCJ found credible the testimonies of Claimant and Dr. Karpin and, based upon these testimonies, awarded Claimant temporary total disability benefits from February 6, 1993 through December 2, 1993, and partial disability benefits beginning on December 3, 1993. The WCJ also found credible Dr. Askin's testimony that Claimant was in good health and, as such, ordered the termination of Claimant's benefits as of the date of Dr. Askin's examination on January 6, 1994.

Therefore, the WCJ concluded that:

3. Claimant has sustained her burden of proof that she suffered an injury while in the course and scope of her employment with Defendant and is entitled to temporary total disability from 2/6/93 to 12/2/93 and partial disability from 12/3/93 to 1/6/94.

*Id.* Claimant appealed to the Board.

The Board affirmed the WCJ's decision and determined that, solely because Claimant failed to comply with 34 Pa.Code § 131.32(c), Employer was not properly served and, therefore, Employer had an adequate excuse for its late answer. The Board also reviewed Dr. Askin's testimony and determined it was sufficient to support the WCJ's grant of benefits for only a closed period of disability. Claimant now appeals to this court.[4]

On appeal, Claimant raises the issue of whether the Board erred as a matter of law by concluding that Claimant's failure to serve a copy of the petition at the time of filing validated Employer's late answer and justified consideration by the WCJ of Employer's evidence of partial disability for only a closed period.[5]

Claimant relies on two facts which she believes are conclusive of the matters presented on appeal: first, the Bureau served Employer with a copy of the petition on March 5, 1993; and second, Employer failed to file its answer until May 24, 1993. In *Ross v. Workmen's Compensation Appeal Board (Allied Signal Corp.)*, 151 Pa.Cmwlth. 75, 616 A.2d 155 (1992), this court held that the fifteen day statutory period in which an answer must be filed only begins to run from the date of service by the Bureau. Claimant avers that because the WCJ did not find credible the testimony of Employer's lay witnesses, as to an adequate excuse for its late filing, no evidence supports such a finding. In essence, Claimant argues that despite her failure to serve a copy of the petition on Employer, there is no evidence of record that justified Employer's delay in filing its answer for eighty days after it was served a copy of the petition by the Bureau.

Claimant argues that the mere failure by her to comply with the statute and serve Employer with a copy of the petition does not automatically validate Employer's late answer. This issue is essentially the same as the one addressed by this court in *Abex Corp. v. Workmen's Compensation Appeal Board (Scears)*, 665 A.2d 845 (Pa.Cmwlth. 1995), *petition for allowance of appeal denied*, 545 Pa. 671, 681 A.2d 1343 (1996). In *Abex*, the claimant filed a claim petition on August 26, 1985, alleging a work-related injury. The claimant failed to send a copy to the employer. Additionally, the Bureau's notice of assignment and the scheduling of a hearing, sent on August 29, 1985, was not properly addressed to either the employer's place of business, or its insurance carrier, because its plant was closed for over one year and only reached the employer's attorney on September 28, 1985. An answer by the employer was then filed on October 2, 1985, four days later. The referee held that the employer failed to offer an adequate excuse for its delayed answer because it could not prove there was an error on the part of the United States Postal Service. The Board affirmed.

On appeal to this court, the *Abex* court first discussed the fifteen day requirement provided for in Section 416 of the Workers'

---

4. This court originally rendered a decision in this matter on December 2, 1996. By order dated February 6, 1997, however, Employer's request for reargument was granted.

5. This court's appellate review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.)*, 694 A.2d 405 (Pa.Cmwlth.1997).

Compensation Act (Act) [6] and the holding in *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 56 Pa.Cmwlth. 1, 423 A.2d 1125 (1981), that an employer's failure to file an answer within fifteen days constituted an admission of the factual allegations in the petition and the right to consideration of its answer was lost absent an adequate excuse.

The *Abex* court then cited pertinent notice and service requirements, in particular, the predecessor to 34 Pa.Code § 131.32,[7] and held that the claimant was obligated, but failed, to send copies of the petition to the employer and the insurance carrier. The court pointed out that the claimant never served the petition on the employer, the insurance carrier or the employer's counsel, despite clearly knowing where to reach each of these entities. Indeed, the claimant averred that ongoing discussions on discovery matters were held by the parties prior to the filing of the petition. Additionally, the court recognized the claimant's failure to provide the Bureau with a complete address for the employer or identification of the insurance carrier. The *Abex* court noted that the employer's late answer was filed four days after it received delivery of the petition by the Bureau, and that the employer had a detailed, reasonable explanation for the delay. Thus, although *Abex* stated that the claimant's failure to serve the employer constituted an adequate excuse for the employer's late answer the decision was, in actuality, based upon the employer's proof of a reasonable delay under all of the facts of that case which provided the foundation for this court to hold that the employer had an adequate excuse for the delay in filing its answer.

Claimant argues that the *Abex* decision can be distinguished for the foregoing rea-sons and that her failure to serve a copy of the petition on Employer did not automatically validate Employer's answer, but that an examination of the reasons for the lateness of the answer must also be considered. We agree.

In comparing the fact situation in *Abex* with what occurred in the case presently before us, we recognize that, as in *Abex,* Claimant here failed to send a copy of her petition to Employer. However, the Bureau here properly served a copy of the petition on Employer in a timely fashion within fifteen days of its filing date. This distinguishes the present matter from *Abex* and clearly allowed Employer to receive notice that the petition was filed and that Claimant was seeking benefits.

■■■■ We acknowledge that under Section 414 of the Act, 77 P.S. § 775, the Bureau acts as the statutory agent for both a claimant and an employer, depending upon the petition, to ensure effective service of the petition. This duty of the Bureau does not excuse a claimant from his or her duty mandated by departmental regulations to serve a copy of the claim petition on the employer. If a claimant serves the employer, and the Bureau also serves the employer, there is a strict fifteen day filing deadline for employer's answer, which runs from the date of the Bureau's service. *See Ross.*

■■■ The failure of a claimant to serve a copy of the claim petition on the employer at the time he or she files the petition with the Bureau does not, however, act as an automatic indefinite stay of proceedings for the employer to file the answer. The letter and spirit of the Act and the Code are intended to compel a quick, efficient exchange of petition and answer to enhance a prompt decision concerning an injured worker's claim for

---

6. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 821, which provides:

   Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.

   Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him.... If a party fails to file an answer ... without adequate excuse, the referee hear-ing the petition shall decide the matter on the basis of the petition and evidence presented.

7. The service and notice sections previously applicable were contained in the General Rules of Administrative Practice and Procedure found in Title 1, Chapter 33 of the Pennsylvania Code. These rules are no longer applicable to workers' compensation proceedings. 34 Pa.Code § 131.4. However, the present requirements are virtually identical.

compensation. Specifically, "adequate excuse" is not a license for an employer to sit back and leisurely file its answer. When Employer received the petition from the Bureau on March 5, 1993, it would ordinarily have to file an answer within fifteen days. Here, a period of over eleven weeks elapsed from the time that Employer received the petition until it filed an answer on May 24, 1993. Employer's attempt to have the delay excused because of its mailroom practices was found not acceptable by the WCJ. Indeed, the WCJ did not believe Employer's lay witnesses who testified concerning mailroom procedures, which could best be described as generally irresponsible and operated by people who had no apparent specific directions or knowledge concerning how Employer's workers' compensation mail was handled. The only excuse acceptable to the WCJ for the very late filing of Employer's answer was based upon an error of law that Claimant's failure to serve Employer with a copy of the petition provided Employer with an adequate excuse regardless of the extent of the delay.

There is, therefore, no evidence believed by the WCJ to explain the delay of two months. Like *Abex*, Employer here failed to file a timely answer but, unlike *Abex*. Employer provided no adequate excuse for this failure. Claimant's failure to send a copy of her claim petition to Employer is not enough, by itself, to validate Employer's substantial delay unaccompanied by other facts explaining the delay which amount to an adequate excuse as in *Abex*.

It is the function of the WCJ to determine whether the facts proven and the reasons presented by the Employer amount to an adequate excuse. The WCJ, therefore, committed an error of law by assuming that a late answer by an employer is justified, regardless of the delay by the employer, whenever a claimant fails to serve the employer with a copy of the petition at the time it is filed with the Bureau.

Claimant further contests the WCJ's conclusion that she was not totally disabled at all times after February 5, 1993, and also that she was only partially disabled from December 3, 1993, to January 6, 1994, on the grounds that, under the *Yellow Freight* doctrine, the WCJ should not have considered any evidence at all presented by Employer. Claimant argues that the case must be decided only on the basis of the allegations in the petition and the evidence presented by the Claimant when Employer fails to file a timely answer. Claimant's reliance on *Yellow Freight* is, however, misplaced.

The rationale of *Heraeus Electro Nite Co. v. Workmen's Compensation Appeal Board (Ulrich)*, 697 A.2d 603 (Pa.Cmwlth.1997), explained that *Yellow Freight* only protected a claimant's allegations of fact (not conclusions) in the petition until the date the answer thereto was due. In the case *sub judice*, the WCJ only erred in allowing Employer to present evidence of facts relating to the extent of Claimant's injuries and disability on or before March 20, 1993, the deadline for Employer's answer, because the excuse offered was not adequate for the length of the delay. Although the Board erred in affirming the WCJ's allowance of Employer to present evidence to contest the allegations of injuries and disability in the claim petition prior to March 20, the error was harmless. Claimant was not prejudiced by the error because the WCJ found that, despite Employer's rebuttal evidence, Claimant was, in fact, totally disabled from the date of her injury on February 5, 1993, until December 2, 1993.

In *Heraeus*, the employer also filed a late answer to the claim petition. The *Heraeus* court followed *Yellow Freight* and held that an employer's failure to timely file an answer, without an adequate excuse, will preclude that employer from denying the well-pleaded factual allegations in the claim petition. The *Heraeus* court, however, limited this preclusion of evidence on the part of an employer only through the last day on which the employer's answer could have been timely filed. As stated in *Heraeus:*

> Employer had every opportunity to prove events that may have occurred after the period when the answer should have been filed, such as changes in disability. There was no bar to Employer taking affirmative action to acquire and prove a reduction or

cessation of the facts alleged in the petition, such as the extent of disability existing after the last day on which Employer should have filed its answer.

*Id.* at 609.

Here, Employer was served by the Bureau on March 5, 1993. Employer could have last timely filed its answer on March 20, 1993, fifteen days after service by the Bureau, but even if it did not file any answer, under *Heraeus,* Employer was still entitled to present evidence that as of March 21, 1993, Claimant's disability status should be modified or terminated. Employer ultimately presented such evidence by introducing the March 4, 1994, deposition testimony of Dr. Askin, upon which the WCJ relied to conclude that Claimant's partial disability ended as of the January 6, 1994, examination of Claimant by Dr. Askin, whose testimony supported a termination of benefits in this proceeding as of January 6, 1994.

■ Under *Yellow Freight,* therefore, although Employer was precluded from presenting evidence contesting the factual allegations in the claim petition for the period up to and including the last day when it should have filed a timely answer, Employer is entitled to prove evidence of facts, events, disability, etc., occurring after the last day it should have timely filed its answer, to modify or terminate Claimant's entitlement to benefits.

Therefore, Employer's evidence was admissible to ultimately contest Claimant's entitlement to continued benefits beyond the last date Employer's answer could have been timely filed. Accordingly, the Board's order is affirmed on the above-stated other grounds.

### *ORDER*

NOW, December 31, 1997, the May 13, 1996, order of the Workers' Compensation Appeal Board, No. A-95-0813, is affirmed on other grounds.

SMITH and LEADBETTER, JJ., concur in the result only.