**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CANDITO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 30, 1999.

Decided July 16, 1999.

---

Martin G. Malloy, Philadelphia, for petitioner.

Michael LaRosa, Havertown, for respondent.

Before SMITH, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

The City of Philadelphia (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting Domenic Candito's (Claimant) claim petition for Workers' Compensation Benefits pursuant to the Workers' Compensation Act (Act)[1]. We affirm.

Claimant was employed by Employer as a police officer. On February 18, 1994, Claimant filed a claim petition seeking specific loss benefits in accordance with the Act for the loss of use of his right arm, right hand, right leg, and right great toe. These losses were alleged to be the result of injuries sustained by Claimant in the course and scope of his employment when Claimant jammed his leg while walking down steps and was subsequently injured in a motor vehicle accident during his transportation to the hospital. On March 9, 1994, the Bureau of Workers' Compensation mailed copies of the petition to Employer at two separate addresses. During February and March of 1994, Employer was closing its workers' compensation legal department and transferring all related files to the Rasmussen Agency (Rasmussen), who had contracted with Employer to become Employer's third party administrator (TPA). Employer filed an answer to the petition on May 16, 1994. Hearings before the WCJ ensued.

The WCJ found that Employer's answer had been filed 68 days after Claimant's service of the petition. Employer then presented the testimony of one witness, an employee of the TPA named Linda Lobb, who testified that the process of transferring the workers' compensation files from Employer to the TPA had been fraught with disorganization, a lack of communication, and insufficient staffing.[2] Ms. Lobb further testified that 12 to 15 claim petitions had been answered late by Employer due to this process. Employer's witness had no personal knowledge regarding Claimant's petition or the processing thereof.

Claimant presented no additional evidence or testimony beyond the allegations in his petition. The WCJ found that Employer's excuse for failing to file its answer in a timely fashion was inadequate. Accordingly, the WCJ deemed the allegations in Claimant's petition as being admitted by Employer, and awarded specific loss benefits to Claimant for the loss of use of Claimant's right arm and right leg. The WCJ also awarded total disability benefits to Claimant.

Employer timely appealed the decision of the WCJ to the Board, who affirmed the decision. Employer now appeals the Board's order to this Court.

■ Our scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary find-

1. Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Ms. Lobb's testimony centered around general descriptions of an unwieldy transfer process between Employer and the TPA, including testimony that: Employer failed to identify or segregate petition claims from voluminous personnel records and a multitude of unrelated paperwork; Employer failed to label or otherwise identify in any way the contents of the boxed files and records which the TPA received at a rate of ten to forty boxes per week, and; the TPA lacked sufficient staff to properly process the unidentified boxes.

ings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

Employer raises two issues on appeal: (1) whether Employer satisfied its burden of establishing an adequate excuse for its filing of a late answer to Claimant's claim petition, and; (2) whether Claimant met his burden of establishing his entitlement to specific loss of use benefits under the Act.

We first consider Employer's assertion that its excuse for failing to timely file its answer was adequate. Employer contends that the delay in filing was not the result of any willful or wanton conduct on its part, but rather that the delay is directly and solely attributable to its TPA, Rasmussen. Employer has requested that this Court look to the line of precedents establishing justification for opening default judgments in civil cases for guidance, including the consideration of the ultimate consequences to a party against whom such a judgment has been entered. Employer asserts that our case law regarding adequate excuses in workers' compensation cases does not offer any guidance as to the instant case. We decline to examine default judgement precedent as analogous, finding instead that existing adequate excuse precedent provides ample guidance by which to decide the instant appeal.

Section 416 of the Act, 77 P.S. § 821, provides in relevant part:

> Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its [WCJ] an answer in the form prescribed by the department.

> Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him . . . . If a

party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the [WCJ] hearing the petition shall decide the matter on the basis of the petition and evidence presented.[3]

In *Abex Corp. v. Workmen's Compensation Appeal Board (Scears)*, 665 A.2d 845 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 545 Pa. 671, 681 A.2d 1343 (1996), the Employer failed to file a timely answer when the Claimant failed to properly serve the Employer with a copy of the Claimant's petition. When the Employer was eventually served, its answer was filed four days after the date of service. The Employer offered a detailed, reasonable explanation of the delay attributable to the Claimant, and further showed that its reaction to the service of the petition was timely. We held this excuse to be adequate as a justification for the Employer's late filing. While *Abex* is easily distinguished from the facts of the present case, an examination of our actions there does provide guidance, in the context of our response to other offers of an excuse's adequacy.

In *Ghee v. Workmen's Compensation Appeal Board (Univ. of Pennsylvania)*, 705 A.2d 487 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 555 Pa. 734, 725 A.2d 184 (1998), this Court found that late service of a Claimant's petition on an Employer was not an automatic adequate excuse for a late filing of Employer's answer. In *Ghee*, the Claimant did not timely and properly serve the Employer with his claim petition. In the face of a delay attributable to the Claimant, however, the Employer could not offer an adequate excuse for its further delay of eleven weeks beyond the date of the corrected service in answering the petition. When the Employer offered as an excuse for the eleven week delay its irresponsible mail

3. The 1996 amendments to the Act increased an employer's time for filing an answer from fifteen to twenty days. However, the fifteen-day deadline applies to the instant appeal since this case was commenced before the enactment of those amendments.

room procedures, this excuse was held to be inadequate.

In *Straub v. Workmen's Compensation Appeal Board (City of Erie)*, 114 Pa. Cmwlth. 224, 538 A.2d 965 (1988), *affirmed*, 528 Pa. 347, 598 A.2d 27 (1991), the Employer filed its answer ten days late. The only excuse offered by the Employer for the lateness was its assertion that the delay did not prejudice the Claimant. This Court held that this excuse was inadequate.

In *Metro Ambulance v. Workmen's Compensation Appeal Board (Duval)*, 672 A.2d 418 (Pa.Cmwlth.1996), the Employer's filing of an answer to a claim petition thirty-nine days late was attributed by the Employer to its inability to obtain legal representation. In finding this excuse to be inadequate, this Court looked to existing precedents examining the adequacy of excuses presented for failure to appear at a hearing.[4] We chose in *Metro* not to articulate a single controlling standard by which to measure the adequacy of an excuse, but chose instead to examine the circumstances surrounding the lateness on a case by case basis. This is the same approach we have taken in cases where adequate excuses were considered for a party's failure to appear at a hearing.[5]

In *Ghee, Straub, Metro*, and the failure to appear cases examined in *Metro*, delays or failures to appear that were attributable to, and within the control of, the party failing to timely answer or appear

were held to be inadequate.[6] In *Abex*, the delay was not attributable to the party failing to file a timely answer, and this excuse was found to be adequate. Accordingly, we hold that an excuse accounting for a delay attributable to, or within the control of, a party responsible for a failure to file a timely answer to a claim petition is inadequate under Section 416 of the Act. In the instant appeal, the WCJ found that Employer presented no evidence that the delay in filing its answer was attributable to anyone other than Employer.

The function of this Court, and of the Board, is to determine whether the WCJ's findings have the requisite measure of support in the record, upon consideration of the evidence as a whole. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). As fact finder, the WCJ has exclusive province over questions of credibility and evidentiary weight, and the WCJ's findings will not be disturbed when they are supported by substantial evidence. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa.Cmwlth. 164, 578 A.2d 83 (1990). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board*, 114 Pa. Cmwlth. 382, 539 A.2d 11 (1988).

Here, Employer seeks to attribute their delay in filing its answer solely to

---

4. Section 416 of the Act establishes adequate excuse as a legally sufficient justification for both failure to file an answer and failure to appear at a hearing.

5. *See DeMarco v. Workmen's Compensation Appeal Board (Matlack, Inc.)*, 101 Pa.Cmwlth. 54, 515 A.2d 629 (1986)(Claimant's failure to appear due to incarceration constituted inadequate excuse); *Gallick v. Workmen's Compensation Appeal Board (D.E.R./B.H.R.M.)*, 108 Pa.Cmwlth. 617, 530 A.2d 945 (1987)(Claimant's failure to appear due to his lack of transportation, phone, and funds constituted inadequate excuse); *Nobles v. Workmen's Compensation Appeal Board*, 49 Pa.

Cmwlth. 255, 410 A.2d 971 (1980)(Claimant's failure to appear by counsel at hearing due to counsel's previous commitment, lack of knowledge of procedural posture of case and dismissal rules, and failure to timely seek a continuance, constituted an inadequate excuse).

6. *See also Rite Aid Corp. v. Workers' Compensation Appeal Board (Bennett)*, 709 A.2d 447 (Pa.Cmwlth.1998)(no adequate excuse offered by Employer for untimely filing of answer to Claimant's petition, resulting in all factual allegations of Claimant's petition being deemed admitted).

their TPA. The WCJ found, however, that Employer's only witness testified that the longest period of time that it took the TPA to process one shipment of boxes was 3 weeks. The record further shows most boxes were fully processed within 5 days. Additionally, the record reveals that claim petitions were afforded top priority in the TPA's handling of Employer's claims, and that claim petitions received by the TPA that required an immediate answer were forwarded to counsel the same day that they were received. Most significantly, the WCJ found that while the record is replete with information as to the general administrative difficulties, lack of organization, and understaffing that the TPA encountered in assuming their duties under their contract with Employer, the record is completely devoid of any testimony from anyone with specific knowledge regarding Claimant's petition. Employer offered no evidence as to how or when Claimant's petition came to the TPA, how Employer or the TPA processed this particular petition, or why Employer's answer to Claimant's petition was delayed. Employer did not show that the excuse for the delay in answering this petition is attributable to anyone other than itself, and, at best, accounted for a mere 5 to 21 days of the 53 day delay. Our review of the record reveals that the above listed findings by the WCJ are supported by substantial evidence. The WCJ concluded that Employer's failure to present any specific evidence as to the excuse for its delay on this petition renders its excuse inadequate under existing precedent and the Act. We agree.

In addition, Employer's argument that it was afforded no opportunity to challenge Claimant's allegations, or to defend against them, is meritless. Employer was afforded the same opportunity to answer, and thereby challenge Claimant's position, as is statutorily provided to the defendant in every workers' compensation case under the Act.[7] Employer's failure to timely answer this petition, and the consequences thereof that have precluded its defense against Claimant's allegations, constitute a denial of opportunity at Employer's own hand.

■ Employer's second issue is whether the allegations in Claimant's petition met his burden of establishing entitlement to specific loss benefits under the Act. After correctly finding that Employer filed a late answer without an adequate excuse, the WCJ was bound by Section 416 of the Act to decide the matter on the basis of Claimant's petition. In failing to timely file an answer to Claimant's petition, Employer is precluded from rebutting any allegations presented in the petition, and from presenting any affirmative defense. *Greeley v. Workmen's Compensation Appeal Board (Matson Lumber Co.)*, 167 Pa.Cmwlth. 209, 647 A.2d 683 (1994). An Employer's failure to file an answer within the fifteen-day period constitutes an admission of the allegations in the petition, as if no answer was filed. *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madera)*, 56 Pa.Cmwlth. 1, 423 A.2d 1125 (1981). The WCJ can decide the matter based solely on the allegations in the Claimant's petition, if those allegations entitle the Claimant to compensation. *Hildebrand v. Workmen's Compensation Appeal Board (Fire Dept./City of Reading)*, 111 Pa.Cmwlth. 24, 532 A.2d 1287 (1987).

■ Notwithstanding Employer's untimely filing of its answer, Claimant still bears the burden of proving all elements necessary to support an award of compensation benefits. *Heraeus Electro Nite v. Workmen's Compensation Appeal Board (Ulrich)*, 697 A.2d 603 (Pa.Cmwlth.1997). To establish a right to compensation Claimant must show that there was an employment relationship, and within the scope of that employment an accident

7. Section 416 of the Act, 77 P.S. § 821.

and/or an injury arose which was related to the employment.[8]

■ Claimant alleges in his petition that he was employed by Employer on the date of his injury, March 3, 1991, and that during the course of that employment he sustained herniations to the cervical and lumbar spine, neurologic symptomology to both legs and both arms, a shattered sesamoid bone, a partially torn right gastrocnemius, and right hand palsy. Claimant further alleges that those injuries have resulted in the loss of use of his right arm, right hand, right leg, and right great toe, and that timely notice of these injuries was given to Employer verbally on March 3, 1991. These allegations from Claimant's petition are sufficient to meet his burden of establishing all of the elements of his work related injury, and thereby entitle him to specific loss benefits under the Act.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 16th day of July, 1999, the order of the Workers' Compensation Appeal Board, dated December 16, 1998, at No. A95–2330, is affirmed.

Judge SMITH concurs in result only.

---

**8.** Section 301(c)(1) of the Act, 77 P.S. § 411(1).