IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tashneen Webb,                   :
        Petitioner          :
                          :
       v.                  :      No. 582 C.D. 2021
                          :      Submitted: December 30, 2021
Prime Healthcare Services, Inc.  :
(Workers' Compensation Appeal  :
Board),                  :
        Respondent      :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE LEAVITT                    FILED: April 29, 2022


       Tashneen Webb (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) granting Claimant compensation benefits for a closed period of time and thereafter terminating them. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ). On appeal, Claimant argues that because the answer of her employer, Prime Healthcare Services, Inc. (Employer), was not timely filed, the WCJ erred in denying her motion to have all the allegations in her claim petition admitted as true. Accordingly, there was not sufficient evidence for the WCJ to terminate her workers' compensation benefits. After review, we affirm.

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

Claimant worked for Employer as a certified nursing assistant at Employer's facility, Suburban Community Hospital, located in Montgomery County. On July 21, 2018, while assisting a patient into a chair, Claimant sustained a work injury. On July 31, 2018, Employer issued a medical-only Notice of Temporary Compensation Payable describing the injury as "[m]ultiple [p]hysical [i]njuries" in "[m]ultiple [b]ody [p]arts." Reproduced Record at 14a (R.R. __). On August 24, 2018, Claimant filed a claim petition alleging that she sustained injuries in the nature of a low back sprain and strain; aggravation of degenerative disc disease of the lumbar spine; lumbar radiculopathy; and left knee sprain and strain. Claimant sought disability compensation benefits from July 21, 2018, and ongoing.

Employer filed its answer September 19, 2018, three days after the deadline set forth in the Workers' Compensation Act (Act).[2] Employer's answer denied the material allegations contained in the claim petition. Asserting that Employer's answer was untimely, Claimant filed a *Yellow Freight*[3] motion to have all the allegations in her claim petition deemed admitted. The WCJ deferred ruling on Claimant's motion because Employer asserted that it had an adequate explanation for filing a late answer.

On February 26, 2019, Employer filed a termination petition alleging that Claimant was fully recovered as of November 30, 2018. The two petitions were consolidated for a hearing before the WCJ.

By deposition on November 30, 2018, Claimant testified that she had worked eight years for Employer as a full-time certified nursing assistant. On July

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[3] *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board*, 423 A.2d 1125 (Pa. Cmwlth. 1981). There, our Court held that when an employer files a late answer, all well-pleaded factual allegations must be deemed admitted by the WCJ.

21, 2018, as Claimant was transferring a patient to a chair, the patient grabbed ahold of her, causing Claimant to experience a "pop" in her back. Claimant Dep. at 12; R.R. 49a. She described the pop as "coming in an L shape down from [her] neck all the way down to [her] left leg." Claimant Dep. at 13; R.R. 49a. Claimant was taken to the emergency room at Suburban Community Hospital and received magnetic resonance imaging (MRI) scans of her cervical, thoracic, and lumbar spine, as well as of her left knee. Claimant was referred to Dr. Steven Valentino, a board-certified orthopedic surgeon, for her back, and to Dr. John Pasqualla, also an orthopedic surgeon, for her knee. Claimant received a cortisone injection in her knee and was directed to physical therapy.

At a hearing before the WCJ on July 17, 2019, Claimant testified that she was unable to go back to work because she was still "in chronic pain." Notes of Testimony (N.T.), 7/17/2019, at 7; R.R. 242a. She described the pain as a "stabbing" or "pinching" in her back each time she moves or bends over. *Id*. at 14; R.R. 249a. Claimant testified that she was also experiencing pain in her neck; that her knee felt like it is going to "buckle;" and that her leg was swollen. *Id*. She confirmed that Dr. Valentino continued to treat her for pain. Claimant explained that she did not accept Employer's job offers in August 2018 and March 2019 because she was not fully recovered from her work injuries.

On cross-examination, Claimant testified that she discontinued physical therapy because it did not alleviate her symptoms. Claimant acknowledged that Dr. Valentino is treating her only for back pain and not for her neck or knee pain. She stated that the reason she was not getting treatment for her knee was because she did not have insurance, and the doctor would not accept her workers' compensation insurance because "it's closed." *Id*. at 20; R.R. 255a.

3

Claimant presented the deposition testimony of Dr. Valentino. Dr. Valentino testified that he initially treated Claimant in 2015 for low back pain caused by a motor vehicle accident. He examined her on July 25, 2018, shortly after her work injury, at which time Claimant presented with low back pain radiating into her left leg. She also complained of left knee pain and upper back and neck pain. Claimant walked with a cane. Dr. Valentino reviewed the results of the MRI scans of Claimant's cervical, thoracic, and lumbosacral spine, and her left knee. Dr. Valentino diagnosed Claimant as having a strain of the cervical, thoracic, and lumbar spine, as well as a left knee sprain.

Dr. Valentino testified that when he saw Claimant in August 2018, she reported improvement of the cervical and thoracic spine and left knee. Upon examination, he found her cervical and thoracic region to be normal. Dr. Valentino did not examine Claimant's knee because she was treating with a knee specialist. He concluded that Claimant could return to full-time, sedentary to light-duty work. Valentino Dep. at 50; R.R. 96a. During examinations in December 2018 and January 2019, Claimant reported a worsening of her symptoms.

Employer presented the deposition testimony of Ira Sachs, M.D., an orthopedic surgeon, who did an independent medical examination (IME) of Claimant on November 30, 2018. Dr. Sachs reviewed Claimant's medical records and her MRI scans. At the IME, Claimant complained of pain in her back, left leg and left knee, as well as left knee swelling. Dr. Sachs observed that Claimant did not have a knee brace, back brace, or any assistive device for ambulation. She sat comfortably, and she was able to rise from a seated position and walk without a limp.

Dr. Sachs explained that the MRI scan of the left knee showed a small joint effusion and a grade one sprain of the medial collateral ligament and anterior

4

cruciate ligament with mild bursitis. Dr. Sachs did not observe anything other than self-limiting sprain and bursitis. Dr. Sachs noted that an August 2, 2018, report of Dr. Pasquella documented a sprain of the left knee. At the IME, Dr. Sachs examined Claimant's left knee and found no deformity, swelling, synovitis, effusion, atrophy, wasting, or malalignment. Dr. Sachs concluded that Claimant's sprain of the left knee had resolved.

Dr. Sachs testified that he performed manual muscle, sensibility, and reflex testing in the lower extremities, none of which revealed evidence of radiculopathy or disc syndrome or post-traumatic abnormality. Additionally, he did sciatic stretch testing, which was negative for sciatic radiculopathy. There was no calf swelling or tenderness, and Claimant's circulation was normal. Dr. Sachs did not find any clinical evidence of active radiculopathy.

Dr. Sachs further testified that, on observation, the cervical spine revealed a normal curve. Although Claimant complained of tenderness to palpation, he found no ongoing injury to the cervical spine. He also examined her thoracic and lumbar spine and did not observe any ongoing problem. Upon review of the MRI scans, he observed mild preexisting degenerative changes in her spine, but no evidence of cord or nerve root compression.

Based on his physical examination and review of medical records, Dr. Sachs opined that Claimant suffered a strain and sprain of her cervical, thoracic, and lumbar spine and left knee. He concluded that she had fully recovered from her work injury as of the date of the IME, or November 30, 2018. When asked about Dr. Valentino's diagnosis of lumbar stenosis with disc protrusion, Dr. Sachs explained that Claimant had some "mild discogenic changes, some mild narrowing[,]" but these conditions were preexisting. Sachs' Dep. at 18-19; R.R.

5

193a-94a. Dr. Sachs acknowledged the possibility that Claimant could have sustained a soft tissue injury to her spine but clarified that there was "nothing in the MRIs of her spine to suggest [that the discs] were aggravated." Sachs' Dep. at 19; R.R. 194a.

Employer also presented the testimony of Kevin Carion, a human resources manager for Suburban Community Hospital. Carion testified about Employer's light-duty job offers to Claimant. On March 25, 2019, Employer offered Claimant a light-duty position of greeter and asked her to respond within 14 days. She did not respond to the job offer. Claimant had been previously offered a light-duty position as a greeter on August 27, 2018, but she did not respond to that job offer. Carion confirmed that Employer has three facilities in Pennsylvania: Lower Bucks Hospital, Roxborough Memorial Hospital, and Suburban Community Hospital, where Claimant worked.

The WCJ denied Claimant's *Yellow Freight* motion, attributing Employer's untimely answer to the "confusion as to the addresses of [] Employer." WCJ Decision, 12/30/2019, at 4, Finding of Fact No. 8; R.R. 283a. The WCJ granted the claim petition, limiting the description of Claimant's injuries to "cervical, thoracic, [and] lumbar [spine] and left knee strains and sprains" based upon the testimony of Employer's medical expert, Dr. Sachs, whose opinion was found cogent, well-explained and balanced. WCJ Decision at 3, 4, Findings of Fact Nos. 5, 6; R.R. 282a-83a. Also, on the basis of Dr. Sachs' testimony, the WCJ held that Employer met its burden of proving that Claimant had fully recovered from her work-related injuries as of November 30, 2018. Claimant appealed to the Board, and it affirmed the decision of the WCJ. Claimant petitioned for this Court's review.

6

On appeal,[4] Claimant argues that the WCJ erred in denying her *Yellow Freight* motion. As a result, Dr. Sachs' opinion was not based upon the injury described in her claim petition and, therefore, not competent to support a finding that Claimant had fully recovered.

We begin with a review of the relevant provisions of the Act. Section 416 of the Act requires the employer to answer a claimant's claim petition within 20 days of service. It states as follows:

> Within twenty days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its workers' compensation judge an answer in the form prescribed by the department.
>
> Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or of all of them to deny a fact alleged in any other petition shall not preclude the workers' compensation judge before whom the petition is heard from requiring, of his own motion, proof of such fact. *If a party fails to file an answer* and/or fails to appear in person or by counsel at the hearing *without adequate excuse, the workers' compensation judge hearing the petition shall decide the matter on the basis of the petition and evidence presented.*

77 P.S. §821 (emphasis added). Absent an "adequate excuse" for an untimely answer, every well-pleaded factual allegation in the claim petition is admitted as true and the employer is barred from challenging the factual allegations in the claim petition. *Washington v. Workers' Compensation Appeal Board (National Freight Industries, Inc.)*, 111 A.3d 214, 218 (Pa. Cmwlth. 2015). An employer must present

---

[4] This Court's review determines whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *E.W. Bowman, Inc. v. Workers' Compensation Appeal Board (Wilson)*, 809 A.2d 447, 450 n.3 (Pa. Cmwlth. 2002).

evidence of an adequate excuse for its late answer. *Ghee v. Workmen's Compensation Appeal Board (University of Pennsylvania)*, 705 A.2d 487, 491 (Pa. Cmwlth. 1997) (the WCJ must determine "whether the facts proven and the reasons presented by the [e]mployer amount to [an] adequate excuse"). The failure to serve an employer with the claim petition constitutes an adequate excuse for an untimely answer. *Abex Corporation v. Workmen's Compensation Appeal Board (Scears)*, 665 A.2d 845, 847-48 (Pa. Cmwlth. 1995). However, an adequate excuse does not include factors within the control of the party responsible for filing the answer. *City of Philadelphia v. Workers' Compensation Appeal Board (Candito)*, 734 A.2d 73, 77 (Pa. Cmwlth. 1999). The adequacy of the employer's excuse for an untimely filing is evaluated on a case-by-case basis. *Id.*

Claimant contends that the WCJ erred in holding that Employer presented an adequate excuse. The claim petition was served at the address for Employer in the Workers' Compensation Automation and Integration System (WCAIS).[5] Further, at the initial hearing on September 24, 2018, Employer's counsel stated that the answer was filed late and that the petition appears to have been sent "to the right place."[6] Claimant Brief at 17 (quoting N.T., 9/24/2018, at 6; R.R. 29a).

It is undisputed that Employer operates three facilities in Pennsylvania: Lower Bucks Hospital located at 501 Bath Road in Bristol; Roxborough Memorial Hospital located at 5800 Ridge Avenue in Philadelphia; and Suburban Community

---

[5] The WCAIS is the Department of Labor and Industry's (Department) web-based system that enables users to file petitions, applications, forms and other documents online.

[6] Employer's counsel prefaced his statements by advising the WCJ that he received the case only a few days before the hearing and "[had not] had a chance to investigate." N.T., 9/24/2018, at 6; R.R. 29a. The WCJ scheduled a status conference for 30 days, indicating that Claimant's *Yellow Freight* motion was preserved. N.T., 9/24/2018, at 6-7; R.R. 29a-30a.

Hospital located at 2701 DeKalb Pike in East Norriton. Claimant worked at Employer's Suburban Community Hospital location. However, her claim petition listed Employer's address as the Lower Bucks Hospital. Both the proof of service for the claim petition and the notice of assignment listed addresses other than the address for Suburban Community Hospital.[7] As Employer's counsel explained:

> My understanding is [Claimant] worked at Suburban Community Hospital, specifically, which is within the corporate hierarchy of [Employer].
>
> The Claim Petition cites an Employer address – citing [Employer] located in Bristol, Pennsylvania.
>
> The proof of service on the Claim Petition then says that the Claim Petition was instead served on an address in Norristown, Pennsylvania.
>
> The Notice of Assignment cites the Bristol address.
>
> A review of Suburban Community Hospital's website shows an address in East Norriton, Pennsylvania[.]

N.T., 10/24/2018, at 6-7; R.R. 38a-39a. The claim petition, its proof of service and the notice of assignment each listed a different address for Employer. This evidence supports the WCJ's finding that there was "confusion as to the addresses of [] Employer[.]" WCJ Decision, 12/30/2019, at 4, Finding of Fact No. 8; R.R. 283a. Furthermore, we reject Claimant's argument that any one of the three hospital addresses was valid because Employer owned each facility. It was Suburban Community Hospital that was entitled to notice of the claim petition, not one of its corporate affiliates.

---

[7] The address listed on the proof of service was 2701 DeKalb Pike in Norristown, Pennsylvania. The Notice of Assignment listed the address for Lower Bucks Hospital.

9

Nevertheless, the grant of Claimant's *Yellow Freight* motion would not change the outcome. An employer's admission covers allegations up to the answer deadline. *See Heraeus Electro Nite Company v. Workmen's Compensation Appeal Board (Ulrich)*, 697 A.2d 603, 609 (Pa. Cmwlth. 1997). Further, a claimant enjoys a rebuttable presumption that a disability continues through the pendency of the litigated matter. *Id.* at 609 n.10. However, the employer may rebut the presumption with evidence. *Chik-Fil-A v. Workers' Compensation Appeal Board (Mollick)*, 792 A.2d 678, 689 (Pa. Cmwlth. 2002).

Here, Employer presented the deposition testimony of Dr. Sachs, who testified that as of the date of the IME, November 30, 2018, Claimant had fully recovered from her July 21, 2018, work injury; required no further medical treatment; and could return to work without restriction. Sachs' Dep. at 18, 21; R.R. 193a, 196a. The WCJ found Dr. Sachs' testimony credible and persuasive in its entirety. This testimony fully rebutted the presumption that Claimant's disability continued and supported the termination of Claimant's workers' compensation benefits as of November 30, 2018. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 705 A.2d 1290, 1293 (Pa. 1997) (employer meets its burden on termination by offering an expert opinion "within a reasonable degree of medical certainty[] that the claimant is fully recovered [and] can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury").

Claimant asserts, however, that Dr. Sachs did not opine that she had fully recovered from all her alleged injuries, *i.e.*, aggravation of her degenerative disc disease in the lumbar spine and lumbar radiculopathy. We disagree. Dr. Sachs testified that his observations and testing during the IME revealed "no evidence of a

radiculopathy or disc syndrome or post-traumatic abnormality." Sachs' Dep. at 15; R.R. 190a. Further, in his physical examination of Claimant, Dr. Sachs found no evidence of an aggravation of the degenerative disease of her lumbar spine. The MRI scans also showed no such aggravation. Dr. Sachs acknowledged that it was possible that Claimant sustained a soft tissue injury superimposed on her lumbar stenosis or disc protrusions that may have caused her symptoms to last longer, but by the time of her IME those symptoms had resolved.

In short, even if Claimant's *Yellow Freight* motion had been granted and the allegations in the claim petition were accepted as true, Dr. Sachs' testimony satisfied Employer's burden of proving that Claimant had fully recovered from her work-related injuries as of November 30, 2018, the date of the IME. *See Hall v. Workers' Compensation Appeal Board (America Service Group)*, 3 A.3d 734, 741 (Pa. Cmwlth. 2010) (expert need not believe the claimant has sustained a certain injury so long as the expert opines on whether the accepted injury continues to disable the claimant). Accordingly, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tashneen Webb,          :
        Petitioner     :
                       :
       v.             :     No. 582 C.D. 2021
                       :
Prime Healthcare Services, Inc.  :
(Workers' Compensation Appeal  :
Board),                   :
        Respondent   :

## **O R D E R**

AND NOW, this 29th day of April, 2022, the adjudication of the Workers' Compensation Appeal Board, dated April 28, 2021, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita