Gary Strawley, Appellant, *v.* Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania, Appellee.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Nathaniel C. Nichols,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, June 2, 1976:

In this unemployment compensation case, the question is whether Gary Strawley (claimant) filed a timely appeal from the decision of a referee refusing benefits to him. The Unemployment Compensation Board of Review (Board), without passing on the merits of the claim, dismissed the appeal as having been instituted beyond the allowable time period for instituting such appeals.

The record reveals that claimant was last employed as a braider helper by Bentley-Harris Manufacturing Company of Lionville, Pennsylvania. His last day of work was February 4, 1975. The procedural history of this case indicates that the Bureau of Employment Security (Bureau) made a determination disallowing benefits in accord with Section 402(e) of the Unemployment Compensation Law (Act).[1] Following a timely appeal from this determination, a referee, after hearing, affirmed the Bureau's disallowance of benefits by a decision rendered on March 31, 1975.

Claimant waited until the tenth day following the referee's decision and then sought legal assistance. The record discloses that after the Bureau's office had closed for business on the last day allowable for claimant's appeal his attorney typed out an appeal letter and deposited it in the mail. This appeal letter was both postmarked and received by the Board on the eleventh day after the referee's decision. The Board

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

denied claimant's appeal because it was received one day beyond the 10-day limitation on appeals from decisions of referees established by Section 502 of the Act.[2]

Here, claimant makes no contention relative to any untimely receipt by him of the referee's decision. There is no doubt that the appeal provisions of the Act are mandatory and that the failure to file an appeal from a referee's decision within 10 days, without an additional excuse therefor, mandates dismissal of the appeal. *Kitchell v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973). Mere hardship or neglect will not justify an extension of time for appeal. Claimant may not appeal after the time prescribed unless he can show that he was deprived of his right to appeal by fraud or its equivalent, *i.e.*, wrongful or negligent conduct of the administrative authorities. No such allegations are advanced in this case.

Claimant's sole assertion is that his appeal, placed in the mail on the tenth day of the appeal period but not postmarked nor received by the Board until the eleventh day after the referee's decision, should be considered timely filed. We must conclude that the Board's denial of claimant's appeal was the only ruling that the law would permit on the facts of this case and the wording of the applicable statute. *See Unemployment Compensation Board of Review v. Hart*, 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975); *Sanabria v. Unemployment Compensation Board of*

---

[2] 43 P.S. §822, which reads in pertinent part: "The parties and the department shall be duly notified of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless within ten days after the date of such decision the board acts on its own motion, or upon application, permits any of the parties or the department to institute a further appeal before the board."

*Review,* 12 Pa. Commonwealth Ct. 42, 317 A.2d 56 (1974).

When a statute requires that an appeal be filed or instituted within a certain period of time, an untimely filing will not perfect the appeal. Untimely appeals raise a jurisdictional issue. *Luckenbach v. Luckenbach,* 443 Pa. 417, 281 A.2d 169 (1971). *Compare General v. E. Roseman Company,* Pa. , 336 A.2d 287 (1975).

Claimant offered no evidence to explain his late filing of his appeal from the referee's decision other than his failure to seek legal assistance prior to the waning hours of the last day permitted to institute his appeal. The result flowing from the slight lateness of claimant's appeal is indeed unfortunate, but it is solely attributable to his own procrastination.

Accordingly, we enter the following

ORDER

And now, this 2nd day of June, 1976, the order of the Unemployment Compensation Board of Review, dated August 7, 1975, dismissing the appeal of Gary Strawley, is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.