Richard M. Blair *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Richard M. Blair, Appellant.

Argued October 25, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*David J. Graban,* for appellant.

*Charles J. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 17, 1977:

Richard M. Blair (Claimant) appeals the decision of the Unemployment Compensation Board of Review (Board) on the limited issue of timeliness of appeal. The Board dismissed Claimant's appeal, holding that Claimant had not been misinformed or misled by employes of a local Bureau of Employment Security (Bureau) office concerning his rights to appeal, and that his lateness in filing his appeal was, therefore, inexcusable. We affirm.

Claimant left his employment with Copey's Moving and Storage, Inc., and timely filed an application for benefits. The Bureau determined him ineligible under Section 402(b)(1) of the Unemployment Compensation Law (Law),[1] on the grounds that he had voluntarily left work without a necessitous and compelling reason. This decision was affirmed by the referee in an opinion dated January 30, 1975. Claimant did not file his appeal of this decision until February 19, 1975, nine days after the ten-day appeal period specified in Section 502 of the Law had expired.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

When the Board notified Claimant of the late filing, and Claimant requested a hearing, the Board ordered a hearing be held on the timeliness issue alone. At two hearings, Claimant stated that the wording of the final paragraph of the referee's decision led him to believe that he had been denied compensation for only the six weeks enumerated therein, but that his rights to future benefits on the same claim were not affected. That paragraph reads:

ORDER: The determination of the Bureau is affirmed. Benefits for the compensable week ending October 12, 19, 29; November 2, 9 and 16, 1974 are disallowed.

Claimant also testified that when he got the referee's decision, and well within the ten-day appeal period, he went to the Bureau's office, asked certain employes to explain the meaning of the referee's decision, and somehow believed that his original interpretation was correct. Claimant further stated that he did not learn the true meaning of the referee's decision until he inquired of the referee himself, which he did after the ten-day appeal period had elapsed. The hearing officer also heard testimony from two employes of the Bureau office, who denied that they had so interpreted the referee's decision.

On December 4, 1975, the Board rendered its decision dismissing Claimant's appeal on the ground of untimeliness. It found as facts that Claimant had erroneously believed that the disqualification in the referee's decision applied only to the weeks at issue, but that he had not been misinformed or misled by the local office. Claimant perfected a timely appeal to this Court.

Our review of the facts found by the Board is limited to the question of whether those findings were based upon sufficient evidence. *Unemployment Compensation Board of Review v. Finn*, 25 Pa. Common-

wealth Ct. 512, 360 A.2d 288 (1976). Our careful study of the entire record, including all written communications between Claimant and the Board and the transcript of the two hearings before the hearing officer, convinces us that the Board's factual findings have sufficient evidentiary foundation. Specifically, we affirm the finding that Claimant had not been misled or misinformed by local Bureau employes.

Therefore, there remains only this legal question: If an unemployment compensation claimant has not been misled or misinformed by agency officials, but files his appeal from a referee's decision late because of his erroneous interpretation of said decision, may he be excused from the time requirements of Section 502 of the Law? Our prior decisions require an answer in the negative. In *Strawley v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 34, 358 A.2d 145 (1976), we held, in conformity with a long line of precedent, that a claimant may not avoid the time limitations for appeal unless he can show that he was deprived of his right to appeal by fraud or its equivalent, *i.e.*, wrongful or negligent conduct by the administrative authorities. We said that hardship alone will not justify extending the appeal time for even one day, since the time limit was in the nature of a jurisdictional bar. Claimant can avail himself of the above rule only if he can show that the wording of the referee's opinion was itself so ambiguous and misleading that the referee was negligent. We hold this argument to be without merit.

It is true that the portion of the decision entitled "ORDER" denies Claimant compensation for six enumerated weeks; however, in the portion labeled "REASONING," the referee reviews the evidence and reaches a conclusion on the merits in language which can be interpreted only as a complete denial of the claim. That portion concludes, "Accordingly benefits

are denied [under Section 402(b)(1) of the Law]."
Claimant knew that he had applied for benefits, that
his application had been denied outright by the Bureau, and that he had appealed to the referee the
basic issue of his right to benefits *vel non*. The referee's decision can be interpreted only as governing
that entire issue.

We hold that the referee's opinion, taken as a
whole, was not misleading or ambiguous, and that the
referee therefore was not negligent, thus excusing a
violation of the timeliness of appeal rule. Accordingly, we affirm the Board's decision and

ORDER

AND Now, this 17th day of January, 1977, the order
of the Unemployment Compensation Board of Review
dismissing Claimant's appeal in this matter, dated December 4, 1975, is affirmed.