**Terry MANOLOVICH, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Kay Jewelers, Inc. and ITT Hartford), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 28, 1997

Decided May 29, 1997.

James P. Coletta, Carnegie, for petitioner.

Michael D. Sherman, Pittsburgh, for respondent, Kay Jewelers, Inc.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Terry Manolovich (Claimant) petitions for review of an order from the Workers' Compensation Appeal Board (Board) reversing the decision of a Workers' Compensation Judge (WCJ) granting the claim petition (petition) filed by Claimant in a proceeding on remand from the Board pursuant to the Workers' Compensation Act (Act).[1] We reverse.

Claimant was employed by Kay Jewelers, Inc. (Employer) as a jewelry salesperson. On March 21, 1989, Claimant filed a petition alleging that she sustained a work-related injury as a result of standing long hours in high-heeled shoes as required by her job. The record reveals that the Department of Labor and Industry, Bureau of Workers' Compensation (Department) mailed a notice of "Assignment of Petition to Workers' Compensation Referee" to Employer on March 31, 1989. This notice lists Employer as the only adverse party with "no carrier." On April 6, 1989, the Pennsylvania Compensation Rating Bureau (Rating Bureau) certified to the WCJ in the instant case that a search of the Rating Bureau's files failed to disclose that Employer was carrying any Workers' Compensation insurance. Although the record is unclear as to whether Employer's carrier, Twin City Fire Insurance Company/Hartford Insurance Group (Hartford), received a copy of the original petition, the WCJ received a note from Hartford's Lancaster office, dated April 14, 1989, that was attached to the blank answer form sent with the notice. This note states that "[t]his [Lancaster] office does not handle WC [Workers' Compensation] for Allegheny Ct [County] nor can we verify Hartford coverage for employer." (Finding No. 9, WCJ's Opinion, dated May 5, 1994).

A hearing was held on May 15, 1989, at which only Claimant was present. On May 25, 1989, the Department sent another notice of assignment to the parties. (Original Record, Notice of Assignment, dated May 25, 1989). The list of the parties on this notice of assignment includes Claimant, Employer, and Twin City. This document noted an insurance correction and listed Twin City Fire Insurance Company as Employer's insurance carrier. By decision and order, dated May 25, 1989, the WCJ granted the petition. The WCJ found that Employer failed to file an answer and failed to appear at the hearing after due notice of the hearing was sent.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4. Amendments to the Act changed the designation of hearing examiners from referees to Workers' Compensation Judges under the Act of July 2, 1993, P.L. 190. Because the hearing examiner in this matter rendered decisions both prior to and subsequent to these amendments, we will refer to him as a Workers' Compensation Judge for convenience and consistency.

The WCJ also found that such notice was not returned by the United States Postal Service marked "undelivered."

On June 22, 1989, Employer mailed its notice of appeal to the Board. On June 29, 1989, Claimant filed a motion to quash the appeal arguing that Employer failed to appeal the WCJ's decision within twenty days. Employer's response to Claimant's motion to quash admitted that it filed its appeal twenty-seven days after the circulation date of the WCJ's opinion and order. Without ruling on Claimant's motion to quash, the Board concluded that Employer's failure to file a timely answer or appear at the hearing was adequately excused because Employer's insurance carrier did not receive a copy of the petition. By order dated March 17, 1992, the Board vacated the WCJ's decision and remanded the case to the WCJ to allow the Employer and Hartford to present evidence. The Board concluded that the "failure of the Defendant/Carrier to receive the petition duly mailed to Defendant/Employer, is an adequate excuse for failure to file a timely answer or appear at a hearing." (Board's Opinion, dated March 17, 1992, at 3). Following a second proceeding on remand, the WCJ again awarded benefits to Claimant which the Board thereafter reversed.

I

On appeal, Claimant argues that the Board erred when it permitted the Employer and its carrier to present evidence because they failed to file a timely answer to the petition and appear at the hearing.[2]

Section 414 of the Act provides, in relevant part, the following:

The department shall serve upon each adverse party a copy of the petition, together with a notice that such petition will be heard by the referee to whom it has been assigned (giving his name and address) as the case may be, and shall mail the original petition to such referee, together with cop-

ies of the notices served upon the adverse parties.

Section 414 of the Act, 77 P.S. § 775. The definition of the term "party" in the Department's implementing regulations include "[a] claimant, defendant, employer, insurance carrier, additional defendant and, if relevant, the Commonwealth." 34 Pa.Code § 131.5. Therefore, Hartford, as the insurance carrier, is a party adverse to Claimant, and the Department was required to serve Hartford with a copy of the petition and notice of assignment to the WCJ.

Having determined that Hartford is an adverse party entitled to service by the Department, Section 416 of the Act provides that:

Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department

.... If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of petition and evidence presented.

Section 416 of the Act, 77 P.S. § 821. Although Hartford is a party-defendant in the instant case, the Department's failure to properly serve Hartford with notice of the claim petition did not relieve Employer of its responsibility to file an answer within fifteen days, pursuant to Section 416 of the Act, after it was properly served. An employer which has been properly served and notified of a claim petition and a hearing date cannot neglect its responsibility to respond to the claim in some manner or refuse to appear at the scheduled hearing of which it was notified. The adjudicatory processes in the Commonwealth's agencies have been established to efficiently adjudicate claims within their jurisdiction, given the peculiar expertise in their respective fields, while they decrease the burden on scarce judicial resources. An

---

2. Our review is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Pistella v. Workmen's Compensation Appeal Board (Samson Buick Body Shop)*, 159 Pa. Cmwlth.342, 633 A.2d 230, 232 (1993).

employer, which has been properly notified of a claim, cannot ignore that claim and its duty to defend merely because the employer assumes that its insurance carrier has been properly served; such a result would produce unwarranted multiple, inconsistent litigation and appeals within the Board's jurisdiction. This type of tactical advantage and gamesmanship by employers and insurance carriers would frustrate the intent of our General Assembly to establish an efficient system of processing and adjudicating Workers' Compensation claims.

In the instant case, Employer was properly served with notice of the petition and assignment on March 31, 1989. We, therefore, hold that Employer failed to present an "adequate excuse," within the meaning of Section 416 of the Act, for failing to file an answer or appear at the scheduled hearing.

Additionally, Section 305(a)(1) of the Act, 77 P.S. § 501, provides that an "insurer shall assume the employer's liability hereunder and shall be entitled to all of the employer's immunities and protection." *Id.* Section 401 of the Act, 77 P.S. § 701, provides that "[t]he term 'employer,' when used in this article, shall mean employer as defined in article one of this act, or his duly authorized agent, or his insurer if such insurer has assumed the employer's liability or the fund if the employer be insured therein." *Id.* In *Brown v. Travelers Insurance Company,* 434 Pa. 507, 254 A.2d 27 (1969), our Supreme Court stated that " 'we find the legislature stating in section 401 that the employer, who had to be defined in section 103 solely as the "master" for articles II and III purposes, would, for all remedial or procedural purposes, be taken to be a complex entity, including within its scope the compensation insurer (be it a private company or the State Workmen's Insurance Fund), and the agent of such "master".' " *Id.* at 513, 254 A.2d at 29. Additionally, Section 319 of the Act, 77 P.S. § 671, provides that "[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe." *Id.* The *Brown* Court held that the term "employer," as used in Section 319, includes the insurance carrier for purposes of tort immunity under Section 303 of the Act, 77

P.S. § 481, even though that section fails to mention the insurance carrier. *Brown,* 434 Pa. at 513–14, 254 A.2d at 29.

■ The Department's regulations further provide that "[a]t the time of filing a petition, the moving party shall serve a copy of the petition on all other parties, including the insurance carrier, *if the insurance carrier is known.*" 34 Pa.Code § 131.32(c). After reading, *in pari materia,* the relevant statutory provisions and the regulations as well as the aforementioned case law, the intent of our General Assembly becomes manifest. Although the Act treats insurance carriers as indispensable parties with a financial interest in Workers' Compensation claims, our General Assembly intended that the relationship between an employer and its insurance carrier is such that the two parties are in fact a single complex entity for purposes of defending against a claim. Therefore, the lack of separate notice to the carrier will not invalidate the proceedings if the carrier fails to respond or otherwise defend. We conclude that, for purposes of serving both an employer and an insurance carrier with notice of a claim petition, as required by Section 414 of the Act, a properly served employer is not relieved of its responsibility to file a timely answer or otherwise defend against a claim. Because the employer and the insurance carrier are a single combined entity, the employer has the duty to forward the notice to the carrier as it would internally forward such notice to the proper department, within its own firm, which processes Workers' Compensation claims. Once the employer is properly served, the carrier cannot claim that it did not receive actual notice of the claim.

The burden of notifying the carrier must be placed upon the employer who has been properly served. In this manner, the employer that is properly served will not be able to neglect its responsibility to defend against a claim, and the insurance carrier will not be able to frustrate the efficiency of the quasi-judicial adjudicatory process established by our General Assembly by forcing multiple, inconsistent litigation after a decision has already been rendered. Therefore,

the WCJ correctly decided that Employer failed to present an adequate excuse for failing to file an answer or appear at the scheduled hearing in the instant matter and properly granted the claim petition based on the "evidence presented" by Claimant pursuant to Section 416 of the Act and *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 56 Pa.Cmwlth. 1, 423 A.2d 1125 (1981).

## II

■ Claimant next argues that the Board did not have jurisdiction to hear Employer's initial appeal from the WCJ's order dated May 25, 1996, because Employer's appeal was untimely. We agree.

■ Section 423 of the Act, 77 P.S. § 853, provides, in relevant part, the following:

Any party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board.... The Board may, upon cause shown, extend the time provided in this article for taking such appeal or for the filing of an answer or other pleading.

*Id.* Additionally, the cover sheet to the WCJ's decision states that "an appeal must be filed with the Workmen's Compensation Appeal Board within 20 days of the date of this notice." The cover sheet indicates that the WCJ's initial decision and order was circulated on May 26, 1989. In *Pitt v. Workmen's Compensation Appeal Board (McEachin),* 161 Pa.Cmwlth.60, 636 A.2d 235, 237 n.5 (1993), we stated that the circulation date constitutes the mailing date. Section 406 of the Act, 77 P.S. § 717, provides that "[f]or purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served." Therefore, the circulation date of the WCJ's initial decision, May 26, 1989, is the date that Employer was served with notice of that decision for purposes of filing a timely appeal pursuant to Section 423 of the Act. Although the Board may, upon "cause shown," extend the time provided in Section 423 for taking an appeal,

Employer failed to file for such an extension before the twenty-day period lapsed. *Devlin v. Grabler Manufacturing Corp.* 151 Pa. Superior Ct. 216, 30 A.2d 138, 140 (1943). Employer also failed to request permission to appeal *nunc pro tunc* or otherwise demonstrate that it met the requirements for such an appeal. *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa.Cmwlth. 533, 308 A.2d 205, 206 (1973).

In *Dinges Transfer v. Workmen's Compensation Appeal Board,* 15 Pa.Cmwlth. 468, 326 A.2d 668, 669 (1974), we stated that the Act does not confer any discretionary authority upon the Board to disregard the statutory time limit for appeals provided by Section 423 of Act. We have also stated that the limitation period in Section 423 must be strictly enforced. *Riley,* 308 A.2d at 206. In *Strawley v. Unemployment Compensation Board of Review,* 25 Pa.Cmwlth. 34, 358 A.2d 145, 147 (1976), we held that "[w]hen a statute requires that an appeal be filed or instituted within a certain period of time, an untimely filing will not perfect the appeal. Untimely appeals raise a jurisdictional issue." *Id.*

In *Riley,* this court reviewed a similar procedural posture as that of the instant case and applied Section 423 of the Act. The claimant in *Riley* filed an untimely appeal to the Board, the employer sought to quash the appeal, and the Board remanded to give the claimant another chance to present his claim. This court in *Riley* interpreted the effect of Section 423 of the Act and recognized that " '[w]here an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it.' " *Riley,* 308 A.2d at 206 (citation omitted). The *Riley* court added that the Board is without jurisdiction to entertain the appeal and action taken under such an appeal would be void. *Id.* at 207.

In the instant case, the Board was under a mandatory obligation to quash Employer's appeal because it was untimely filed and the Board was without jurisdiction to consider the merits of Employer's appeal. Under *Riley,* the Board was also without jurisdiction to reopen the case with its remand order and

all actions that subsequently ensued were void and had no effect.

Accordingly, the order of the Board is reversed.

### ORDER

AND NOW, this 29th day of May, 1997, the order of the Workers' Compensation Appeal Board, dated September 10, 1996, at No. A95–3758, is hereby reversed, and the Workers' Compensation Appeal Board is instructed to reinstate the initial decision of Workers' Compensation Judge Nathan T. Cohen, circulated May 26, 1989.