IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Desmond Fields,                             :
                                            : No. 785 C.D. 2015
                    Petitioner              : Submitted: October 9, 2015
                                            :
            v.                              :
                                            :
Workers' Compensation Appeal                :
Board (Abington School District),           :
                                            :
                    Respondent              :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  February 8, 2016


            Desmond Fields (Claimant) petitions for review, *pro se*, of the April 2,
2015, order of the Workers' Compensation Appeal Board (WCAB) granting
Abington School District's (Employer) motion to quash Claimant's appeal.  The
WCAB concluded that Claimant's appeal from the decision of a workers'
compensation judge (WCJ) dismissing Claimant's reinstatement petition was
untimely.  We affirm.


            Claimant suffered a work-related injury on November 8, 2000, for which
Employer issued a Notice of Compensation Payable (NCP) for a laceration of the

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when  Judge
Leadbetter assumed the status of senior judge.

second and third fingers of the left hand and low back pain. (WCJ's Findings of Fact, Nos. 1, 3.) On July 9, 2004, a WCJ amended the NCP to include left lateral epicondylitis and suspended Claimant's benefits as of May 28, 2003. (*Id.*, No. 3.)

On May 30, 2014, Claimant filed a reinstatement petition alleging that as of May 30, 2013, his work-related injury caused a decrease in earning power. (*Id.*, No. 1.) At the WCJ's hearing, Employer made a motion to dismiss Claimant's reinstatement petition as time-barred because Claimant's benefits were suspended for more than 500 weeks before Claimant filed the reinstatement petition. (*Id.*, No. 2.) On October 27, 2014, the WCJ concluded that Claimant's reinstatement petition was untimely and dismissed it.

On November 21, 2014, Claimant appealed to the WCAB. Employer filed a motion to quash the appeal because it was not filed within 20 days of the WCJ's decision, as required by section 423 of the Workers' Compensation Act (Act).[2] The WCAB observed that the WCJ circulated his decision on October 27, 2014. Thus, Claimant had 20 days, or until November 17, 2014, to file an appeal.[3] Because Claimant's appeal to the WCAB was postmarked November 21, 2014, the

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §853. Section 423 of the Act provides that "[a]ny party in interest may, within twenty days after notice of a [WCJ's] adjudication shall have been served upon him, take an appeal to the [WCAB]." 77 P.S. §853.

[3] The WCAB noted that the 20th day fell on November 16, 2014, which was a Sunday. In accordance with section 1908 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1908, because the 20th day was a Sunday, Claimant had until Monday, November 17, 2014, to file his appeal.

WCAB concluded that Claimant's appeal was untimely and granted Employer's motion to quash the appeal.[4] This appeal followed.[5]

On appeal to this court, Claimant acknowledges that his appeal to the WCAB was filed four days beyond the statutorily prescribed time but claims that Employer "is in no way prejudiced by this slight delay." (Claimant's Br. at 11.) We disagree.

The timeliness of an appeal from a WCJ's decision is jurisdictional and the time limitations must be strictly enforced. *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.)*, 694 A.2d 405, 409 (Pa. Cmwlth. 1997). Thus, because Claimant's appeal was filed beyond the 20-day appeal period, the WCAB did not have jurisdiction and properly quashed Claimant's appeal.

Nonetheless, Claimant cites *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez)*, 455 A.2d 299, 300 (Pa. Cmwlth. 1983), for the proposition that an appeal *nunc pro tunc* will be permitted if there is minimal prejudice to the opposing party. In *Tony Grande*, this court concluded that the "non-negligent failure to file a timely appeal [was] due to the hospitalization of petitioner's counsel, a failure which was promptly corrected by the attorney's associate." *Id.*

---

[4] The WCAB also concluded that it would affirm the WCJ's decision if it were to reach the merits of Claimant's appeal. (WCAB's Op., 4/2/15, at 3.)

[5] This court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

Here, Claimant has not alleged that non-negligent conduct prohibited the filing of a timely appeal warranting *nunc pro tunc* relief.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Desmond Fields,                                    :
                                                   : No. 785 C.D. 2015
                          Petitioner               :
                                                   :
              v.                                   :
                                                   :
Workers' Compensation Appeal                       :
Board (Abington School District),                  :
                                                   :
                          Respondent               :

# O R D E R

AND NOW, this 8<u>th</u> day of <u>February</u>, 2016, we hereby affirm the April 2, 2015, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge