IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Lucke, : 
                    Petitioner : 
                           : 
        v.                  : No. 698 C.D. 2024
                           : Submitted: July 7, 2025
Kost Tires Distributors, Inc. : 
(Workers' Compensation Appeal : 
Board), : 
                Respondent : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                       FILED:  October 9, 2025


Charles Lucke (Claimant) petitions this Court for review of the Workers' Compensation Appeal Board's (Board) May 3, 2024 order affirming the Workers' Compensation Judge's (WCJ) decision (Decision) dismissing and denying Claimant's Claim Petition against Kost Tires Distributors, Inc. (Employer) under the Workers' Compensation Act.[1]  After review, we affirm.

## BACKGROUND

On April 22, 2021, Claimant filed his Claim Petition alleging he sustained various back and hip injuries on April 27, 2018, while working for Employer.

---

[1]  Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Certified Record (C.R.) at 57.[2]  Notably, Claimant's Claim Petition listed Employer's address at a location in Eynon, Pennsylvania. *Id*. at 7.  Additionally, the Claim Petition did not identify Employer's insurer. *Id*. at 8.  On May 19, 2021, Employer filed its Answer denying Claimant's allegations. *Id*. at 38.  Because Employer's Answer was untimely,[3] Claimant made a *Yellow Freight* Motion[4] to have all facts alleged in the Claim Petition deemed admitted. *Id*.

Claimant testified in support of his Claim Petition.  Claimant stated although he could not recall exactly, he believed he started working for Employer as a tire technician sometime in April of 2018. *Id*.  Claimant indicated he was responsible for performing oil changes, conducting inspections, and changing tires. *Id*.  He explained that on the date of his injury, he was trying to mount a large tire, which he referred to as a "swamper tire," onto a rim when he felt a sharp pain in his back. *Id*. According to Claimant, the pain on his left side made him go numb and he lost feeling in his left leg. *Id*.  He testified he finished work that day but called off work the next day because of the pain. *Id*.  He reported back to work the following week and spoke to Employer about when he would start receiving insurance coverage. *Id*. Claimant explained he avoided filing a workers' compensation claim because he was at a new job and wanted to ensure he received insurance coverage. *Id*.  Claimant asserted a week or two after his initial injury, he reaggravated the injury and believed

---

[2] References to the certified record reflect electronic pagination.

[3] Under Section 416 of the Act, 77 P.S. § 821, an answer to a claim petition must be filed within 20 days of service upon the employer. Employer's Answer was filed more than 20 days after Claimant's Claim Petition.

[4] A *Yellow Freight* Motion refers to this Court's decision in *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 423 A.2d 1125, 1127 (Pa. Cmwlth. 1981), wherein this Court held when an employer files an untimely answer to a claim petition, all well-pled factual allegations in the claim petition must be deemed admitted by the WCJ.

2

it to be more serious than he originally thought. *Id*. at 39. According to Claimant, Employer subsequently terminated him after a customer complained his oil was not changed, as the customer expected. *Id*. Despite Claimant's assertion he had not performed work on that customer's vehicle because he had been at a doctor's appointment, Employer discharged Claimant. *Id*. After Employer terminated him, Claimant worked for Keller Tire. *Id*. Claimant asserted he continued to have symptoms from his injury, and he decided to look for a different type of work. *Id*. After leaving Keller Tire, Claimant collected unemployment for approximately eight to nine months. *Id*. He then returned to work painting for retail stores, where he was able to stand up straight to do the work. *Id*. He then began working for Frank Henry and Sons Excavation operating heavy machinery. *Id*.

At the time of the hearing, Claimant testified he continued to take pain medications including Oxycodone, along with Tylenol. *Id*. He also testified he did not believe he would be physically able to perform his job with Employer because of the bending it required. *Id*. He sought treatment from a neurosurgeon, Dr. Pugliese, who suggested a Magnetic Resonance Imaging (MRI) and recommended injections. *Id*. Claimant opted not to receive the injections. *Id*.

Claimant presented the testimony of Dr. Richard J. Mandel (Dr. Mandel). On January 13, 2022, Dr. Mandel conducted an Independent Medical Examination (IME) of Claimant. *Id*. Dr. Mandel indicated he reviewed records from Claimant's other providers, as well as reports of diagnostic studies, including a December 2018 lumbar spine MRI. *Id*. at 40. According to Dr. Mandel, Claimant reported low back pain, which worsened with sitting, radiating into his left buttock and left thigh, and then down into his lower leg and foot. *Id*. Dr. Mandel ultimately diagnosed Claimant with lumbar sprain/strain and left paracentral disc herniation at the L5-S1,

3

with a left sacroiliac radiculopathy. *Id*. at 41. According to Dr. Mandel, Claimant's handling of the oversized truck tire while working for Employer was the cause of his conditions. *Id*. Dr. Mandel testified Claimant was not capable of returning to his job with Employer because of the physical nature of the job and the heavy lifting required. *Id*.

Employer presented the testimony of Dr. Scott Naftulin (Dr. Naftulin). Dr. Naftulin reviewed Dr. Mandel's report and disagreed with his conclusions. *Id*. at 43. Dr. Naftulin testified that upon review of Claimant's medical records, Claimant never reported his alleged work injury to a physician until September 21, 2018, approximately five months after his injury. *Id*. Dr. Naftulin testified the records showed that on April 6, 2018, before the work incident, Claimant requested a refill of his Oxycodone, and on May 2, 2018, Claimant again requested a refill for his Oxycodone. *Id*. Moreover, Dr. Naftulin indicated Claimant had documented history since 2012 of complaints of back pain, and in 2008 treated for injuries sustained in a motor vehicle crash. *Id*. In addition to his review of Claimant's records, Dr. Naftulin performed a physical examination of Claimant and found he complained of low back pain when bending forward at the waist but had no tenderness or spasm over the sciatic nerves. *Id*. Dr. Naftulin stated Claimant was able to walk on his heels and toes without weakness and perform a full squat. *Id*. Additionally, according to Dr. Naftulin, Claimant's strength, reflex, and sensation testing was normal. *Id*. Dr. Naftulin indicated Claimant's neurological examination was normal. *Id*. Dr. Naftulin concluded Claimant had degenerative arthritis of the spine, a general anxiety disorder, chronic back pain, and a pre-existing chronic opiate and pharmacologic therapy, and opined that none of his conditions were related to the April 27, 2018 work injury. *Id*.

4

Regarding Employer's late filing of its Answer, Employer presented the testimony of Ray Bartolai (Manager), Employer's operations and development manager. *Id*. at 44. Manager observed Claimant's Claim Petition, which listed Employer's address in Eynon, Pennsylvania, and testified Employer was not located there at the time Claimant filed the Claim Petition because a main water line break closed the property, and the building was uninhabitable. *Id*. Manager indicated the Eynon location was never reopened, and he did not know what happened to mail addressed to that location, but he asserted he did not receive any mail at that location. *Id*. Manager testified he did not receive a copy of Claimant's Claim Petition, but he indicated he received a copy from counsel in May of 2021. *Id*. Additionally, Manager stated if Employer received workers' compensation documents, the documents would have been forwarded to him, and if a claim petition had been forwarded from the Eynon location, that document would have come to him. *Id*. at 45.

Regarding Claimant's *Yellow Freight* Motion, the WCJ accepted Manager's testimony that Employer did not receive a copy of Claimant's Claim Petition because Employer's Eynon location had flooded and it did not receive mail sent to that location. *Id*. at 47. Moreover, the WCJ noted Employer's insurance company was not listed on the Claim Petition. *Id*. The WCJ found Employer's explanation reasonably explained why Employer's Answer was not filed timely, but noted it filed its Answer as soon as it received the Claim Petition. *Id*. Regarding the merits of the Claim Petition, the WCJ found Claimant's testimony "less than credible," noting he was unable to remember his date of hire, date of injury, treatment received, or his treatment provider. *Id*. at 47. The WCJ explained Claimant was

> still taking Oxycodone for conditions and injuries that occurred many years previously to the work injuries, is not presently treating with any

5

physician for his injury, has not done so for quite a while, and has not undergone any physical therapy or chiropractic care. For reasons unknown, he did not see or treat with a panel physician[] within ninety (90) days after the work injury of April 27, 2018. . . . His employment record continued after his work injury, with another tire distributor, and finally with a company doing heavy mechanical equipment, which does not lend credence to his testimony that he is still in pain and discomfort from his work injury. Therefore, this WCJ will specifically reject Claimant's testimony as not credible, with this WCJ finding Claimant did not sustain a work-related injury while employed with [Employer].

*Id*. at 47-48. Ultimately, the WCJ concluded Employer met its burden of proof to establish it had a reasonable basis for failing to file its Answer to the Claim Petition within 20 days of the filing of the Claim Petition, but acknowledged Employer did so within 20 days of service of the Claim Petition. *Id.* at 48. The WCJ also concluded Claimant failed to meet his burden of proof to establish he sustained a work-related injury while employed with Employer. *Id*. Accordingly, the WCJ denied and dismissed Claimant's Claim Petition. Claimant appealed to the Board, which issued its Order affirming the WCJ's Decision.

Claimant now petitions this Court for review. Claimant asserts substantial evidence did not support the WCJ's finding Employer had an adequate excuse for filing its Answer late, and the WCJ committed legal error by "disregarding the 'mailbox rule' and not addressing the evidence" in determining Employer met its burden of "adequate excuse" for its late Answer under Section 416 of the Act.[5]

---

[5] In the Statement of Questions Involved section of his Brief, Claimant outlines the issues as follows:

1. Was the WCJ's finding that Employer, a service chain, had met its burden of "adequate excuse" under Section 416 of the [Act] for an admitted late answer to Claimant's Claim Petition based on testimony that Employer did not receive it due

**(Footnote continued on next page…)**

6

Claimant's Br. at 19. Additionally, Claimant contends Employer failed to overcome the presumption that Claimant's disability is ongoing, under *Yellow Freight*. *Id*. at 4-5. Finally, Claimant argues this Court should order a remand for the WCJ to award costs under Section 440(a) of the Act.[6] *Id*. In response, Employer asserts the Board

to a recent closure of the building, unsupported by substantial evidence, clear error of law, or not reasoned given the "mailbox rule," where

(a) The Department of Labor and Industry served the petition and Notice of Assignment, as well as other notices, by U.S. mail, postage prepaid, to Employer at its address, none of which were returned undeliverable, which the WCJ failed to consider, and

(b) Claimant's counsel served the Claim Petition by U.S. mail, postage prepaid, to Employer's address which was not returned as undeliverable, which the WCJ failed to consider and

(c) Employer made sensible arrangements with the Archibald, Pennsylvania Post Office to hold the incoming mail which was picked up by Employer weekly, as per a Freedom of Information Act request, which the WCJ failed to consider?

(***Answered in the negative below.***)

2. Did [Employer] fail to meet its burden of "adequate excuse" under Section 416 of the [Act] for an admitted late answer to Claimant's Claim Petition where no evidence was introduced to dispute that Insurer, Erie Insurance Company, was presumptively served the Claim Petition by the Department of Labor and Industry's timely mailing the Notice of Assignment and Claim Petition via US mail, postage prepaid?

(***Answered in the negative below.***)

3. If the above is determined in [Claimant's] favor, has [Employer] failed to overcome the presumption that Claimant's disability is ongoing, given the medical evidence cannot establish a cessation of injury or disability under *Yellow Freight* and *Heraeus Electro Nite* as a matter of law?

(***Answered in the negative below.***)

4. If the above is determined in [Claimant's] favor, should this Honorable Court order a remand for an award of Section 440 costs?

(***Answered in the negative below.***)

Claimant's Br. at 4-5 (emphases in original).

[6] Section 440(a), added by the Act of February 8, 1972, P.L. 25, provides:

**(Footnote continued on next page…)**

properly affirmed the WCJ's denial and dismissal of Claimant's *Yellow Freight* Motion where Employer demonstrated a reasonable excuse for the late filing of its Answer. Employer's Br. at 1. Additionally, Employer argues the Board properly rejected Claimant's attempt to impose a duty on Employer to establish an independent, adequate excuse for both Employer and its insurer with respect to Employer's late Answer. *Id*. Employer also contends Claimant's *Yellow Freight* Motion should have failed because Claimant's Claim Petition was not well-pled. *Id*. Finally, Employer asserts the Board properly affirmed the WCJ's decision to refuse an award of litigation costs and attorney fees where Employer's contest was reasonable, and where Claimant failed to succeed on any aspect of his Claim Petition. *Id*.

## DISCUSSION

This Court reviews workers' compensation orders for violations of a party's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the Board's decision. *Id.* The WCJ is the ultimate fact finder in workers' compensation cases and is entitled to weigh the evidence and assess the credibility of witnesses. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 978 n.4 (Pa. Cmwlth. 2022) (citing

---

In any contested case where the insurer has contested liability in whole or in part, . . . the employe . . . **in whose favor the matter at issue has been finally determined** in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a) (emphasis added).

*Sharkey v. Workers' Comp. Appeal Bd. (Fed. Express)*, 786 A.2d 1035, 1038 (Pa. Cmwlth. 2001)). This Court will not disturb a WCJ's findings so long as there is substantial evidence in the record to support those findings. *Berardelli v. Workmen's Comp. Appeal Bd. (Bureau of Pers. State Workmen's Ins. Fund)*, 578 A.2d 1016, 1018 (Pa. Cmwlth. 1990). Regarding questions of law, our standard of review is *de novo*, and our scope of review is plenary. *Sedgwick Claims Mgmt. Servs., Inc. v. Bureau of Workers' Comp., Fee Rev. Hearing Off. (Piszel & Bucks Cnty. Pain Ctr.)*, 185 A.3d 429 (Pa. Cmwlth. 2018). In other words, we consider the case anew, *see Manor v. Dep't of Pub. Welfare*, 796 A.2d 1020, 1029 (Pa. Cmwlth. 2002) (citation omitted), and we may review the entire record. *Probst v. Dep't of Transp., Bureau of Driver Licensing*, 849 A.2d 1135 (Pa. 2004).

Section 416 of the Act addresses an employer's answer to a claim petition and provides:

> Within twenty days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its [WCJ] an answer in the form prescribed by the [D]epartment [of Labor and Industry].
>
> Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or of all of them to deny a fact alleged in any other petition shall not preclude the [WCJ] before whom the petition is heard from requiring, of his own motion, proof of such fact. If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the [WCJ] hearing the petition shall decide the matter on the basis of the petition and evidence presented.

77 P.S. § 821. Generally, where an employer files an untimely answer to a claim petition, every factual allegation in the claim petition is deemed admitted, and an employer is precluded from presenting evidence in rebuttal or as an affirmative

defense. *Yellow Freight*, 423 A.2d at 1127-28. In such a case, a WCJ must decide the matter on the basis of the claim petition and any additional evidence presented by the claimant. *Id.* An exception to this rule exists where an employer has good cause for its late filing. *Id.*; Section 416 of the Act, 77 P.S. § 821.

To establish it had good cause, an employer must present evidence of an adequate excuse for its late answer. *Ghee v. Workmen's Comp. Appeal Bd. (Univ. of Pa.)*, 705 A.2d 487, 491 (Pa. Cmwlth. 1997). The adequacy of the employer's excuse for an untimely filing is evaluated by the WCJ on a case-by-case basis. *City of Phila. v. Workers' Comp. Appeal Bd. (Candito)*, 734 A.2d 73, 77 (Pa. Cmwlth. 1999). Specifically, the WCJ must determine "whether the facts proven and the reasons presented by the [e]mployer amount to [an] adequate excuse." *Ghee*, 705 A.2d at 491. While a claimant's failure to serve an employer with a claim petition may constitute an adequate excuse, *see Abex Corporation v. Workmen's Compensation Appeal Board (Scears)*, 665 A.2d 845, 847-48 (Pa. Cmwlth. 1995), an adequate excuse does not include factors within an employer's control. *Candito*, 734 A.2d at 77.

Here, the record substantially supports the WCJ's finding Claimant mailed the Claim Petition to Employer's Eynon location and, at the time Claimant filed the Claim Petition, Employer's Eynon location was closed due to flooding. Further, the record, specifically Manager's testimony, provides substantial support for the WCJ's finding Employer did not receive the Claim Petition mailed to its Eynon location. We note this Court will not disturb a WCJ's findings so long as there is substantial evidence in the record to support those findings. *Berardelli*, 578 A.2d at 1018. Accordingly, given the WCJ's finding Employer did not receive the Claim Petition,

we discern no error in the WCJ's conclusion that this amounted to an adequate excuse for its untimely Answer.

Claimant argues the WCJ should have applied the "mailbox rule" and concluded Employer received notice of his Claim Petition because the notices and Claim Petition were not returned as undeliverable. Section 406 of the Act addresses the "mailbox rule." It states:

> [A]ny notice . . . shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this [A]ct.

77 P.S. § 717. Importantly, despite Claimant's assertion the application of the "mailbox rule" provides "indisputable evidence" of service, *see* Claimant's Br. at 24, Claimant ignores the section of this rule that states "but any party may show by competent evidence that any notice or copy was not received." 77 P.S. § 717. Here, Employer presented testimony it did not receive the mailed Claim Petition because its Eynon location was closed at the time due to flooding. The WCJ accepted this testimony. Therefore, in accordance with the rule, the WCJ made "proper allowance" for Employer's failure to file its Answer within the time prescribed by Section 416 of the Act. Moreover, while we acknowledge Claimant presented evidence of Employer's arrangement to have the Eynon location's mail held at the post office and picked up weekly, we also recognize our role in this appeal. To the extent Claimant seeks to have this Court reweigh the evidence, we decline to do so because the WCJ has the sole authority to assess credibility, resolve conflicting evidence, and determine the weight to give the evidence. *Hoffmaster v. Workers'*

11

*Comp. Appeal Bd. (Senco Products, Inc.)*, 721 A.2d 1152, 1155-56 (Pa. Cmwlth. 1998).

Claimant also contends the WCJ erred by not requiring both Employer and its insurer to establish an "adequate excuse" for Employer's untimely Answer. *See* Claimant's Br. at 29. In response, Employer asserts Claimant's argument fails because it is not supported by the Act or case law. Employer's Br. at 31. Specifically, Employer contends service upon the employer, not the insurance carrier, determines actual notice for purposes of filing a timely answer. *Id.* Claimant relies on this Court's decision in *Heraeus Electro Nite Co. v. Workmen's Compensation Appeal Board (Ulrich)*, 697 A.2d 603 (Pa. Cmwlth. 1997), in support of his contention that Employer's insurance carrier was also required to establish an "adequate excuse" for Employer's untimely Answer. However, in *Heraeus Electro*, this Court held "service of a copy of the claim petition on the *employer*, by the Department, is also service on that employer's carrier." *Id.* at 607 (emphasis added). Thus, the case upon which Claimant relies does not stand for the proposition that both the employer and insurance carrier must demonstrate an "adequate excuse" for an employer's untimely answer to a claim petition.

Moreover, in *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.)*, 694 A.2d 405, 408 (Pa. Cmwlth. 1997), this Court explained

> the lack of separate notice to the carrier will not invalidate the proceedings if the carrier fails to respond or otherwise defend. . . . [F]or purposes of serving both an employer and an insurance carrier with notice of a claim petition, as required by Section 414 of the Act, a properly served **employer** is not relieved of its responsibility to file a timely answer or otherwise defend against a claim. Because **the employer and the insurance carrier are a single combined entity**, the employer has the duty to forward the notice to the carrier as it would internally forward such notice to the proper department, within its own firm, which processes Workers' Compensation claims. Once the

12

employer is properly served, the carrier cannot claim that it did not receive actual notice of the claim.

*Id.* Our case law is clear that the employer has the responsibility to defend against a claim, as well as the burden of notifying its insurance carrier of a claim against it. *Id.* Further, because we treat the employer and insurance carrier as a "single entity," we cannot conclude an employer and its insurance carrier must each provide an "adequate excuse" for an employer's untimely answer to a claim petition. Therefore, we determine there is no merit in Claimant's argument the WCJ erred by not requiring an "adequate excuse" from Employer's insurance carrier in addition to Employer's reasoning.

## CONCLUSION

Because we discern no error in the WCJ's denial of Claimant's *Yellow Freight* Motion, we do not reach Claimant's issue regarding whether Employer failed to overcome the presumption that Claimant's disability is ongoing.[7] Likewise, because Claimant did not prevail on his Claim Petition, he is not entitled to an award of costs under Section 440 of the Act. Accordingly, the Board did not err by affirming the WCJ's Decision, and we affirm the Board's Order.

_____
STACY WALLACE, Judge

---

[7] Additionally, we need not address Employer's argument that Claimant's *Yellow Freight* Motion should have failed because his Claim Petition was not well-pled.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Lucke, :
                 Petitioner :
                 :
         v. : No. 698 C.D. 2024
                 :
Kost Tires Distributors, Inc. :
(Workers' Compensation Appeal :
Board), :
              Respondent :

# **O R D E R**

**AND NOW**, this 9th day of October 2025, the May 3, 2024 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
STACY WALLACE, Judge